# Gruber *versus* The First National Bank of Clarion.

1. Under the provisions of the 30th section of the Act of Congress of June 3d 1864, the state courts have jurisdiction of an action of debt to recover from a national bank, double the amount of usurious interest received by said bank, in violation of said section. Bletz *v.* The Columbia National Bank, *ante,* p. 87, followed.

2. It is not a misjoinder of counts to set out in a declaration in debt counts for the recovery of a penalty for taking usurious interest, under an act of Congress, and counts to recover an excess of interest paid; such claims are not incongruous, and a recovery may be had for both of said demands in the same action.

3. The misjoinder of counts in a declaration, ought properly to be taken advantage of by demurrer in arrest of judgment, or by an assignment of error in the judgment on account of such misjoinder.

4. In debt for a statute penalty given wholly to the party aggrieved the judgment is *quod recuperet.*

October 26th 1878. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON and TRUNKEY, JJ.  WOODWARD J., absent.

6 NORRIS—30

[Gruber *v.* First National Bank of Clarion.]

Error to the Court of Common Pleas of *Clarion county:* Of October and November Term 1878, No. 286.

Debt by John Gruber against the First National Bank of Clarion.

This action was brought by the plaintiff on the 4th of March 1876, to recover from the defendant double the amount of certain payments of usurious interest made to the bank within two years previous to the inception of the action, and also the excess above legal interest on certain other payments of usurious interest made more than two years previous to the commencement of the action, and within six years of same. The declaration filed in the case contained thirteen counts, the first ten being special ones for double the amount of payments of usurious interest made within two years of the commencement of the action ; the other three were common counts for money received, money paid, and for an account stated, and were intended to cover excess of legal interest paid more than two and less than six years prior to the bringing of suit.

Defendant pleaded the general issue, followed by a second and third plea to the jurisdiction. The plaintiff joined issue on the first plea, and on the other two demurred to the jurisdiction. The court, Jenks, P. J., sustained the demurrer, and without further pleas the cause came on for trial, when, among the points submitted by plaintiff, his first was as follows, to which is appended the answer of the court :—

1. That the plaintiff is entitled to recover from defendant double the amount of all interest or discount paid by plaintiff within two years previous to the inception of this action, when such interest and discount were in excess of six per cent., the legal rate of interest in the state.

Ans. " We decline to answer this point in the affirmative."

Among the points submitted by defendant were the following, with the answers of the court thereto :

1. That the action to recover by the plaintiff from the defendant twice the amount of interest paid, under section 5198 of the Revised Statutes of the United States, is an action to recover a penalty.

Ans. " The action, so far as it is used to recover double the amount of the interest, is an action to recover a penalty, and in so far as it is sought to be thus used, cannot be maintained."

2. That Congress has no power to confer on the state courts jurisdiction to recover such penalty, and as to such penalty this action will not lie.

Ans. " We answer this point in the affirmative."

3. That the claim of the plaintiff for the penalty under an Act of Congress, and for the recovery of excessive interest, are incongruous and there can be no recovery for both of said demands in this action.

Ans. " We answer this point in the affirmative."

The verdict was for plaintiff for $1049.97. Plaintiff and defend-

[Gruber v. First National Bank of Clarion.]

ant each took a writ of error, that of the defendant being reported in the succeeding case of The First National Bank of Clarion v. Gruber, *post*, p. 468.

The plaintiff assigned for error, inter alia, the foregoing answers to points.

*W. L. Corbett*, for plaintiff in error.—The state courts have jurisdiction of an action to recover double the amount of usurious interest against a national bank, under the 30th section of the Act of Congress of June 3d 1864: Bletz v. The Columbia National Bank, *ante*, p. 87. The claim to recover the penalty under the Act of Congress, and the claim to recover the excess of interest are not incongruous, and a recovery can be had for both of these demands in the same action: 1 Chitty's Pleading 200; Stephen on Pleading 104; Fairfield v. Burt, 11 Pick. 244; Worster v. The Proprietors of the Canal Bridge, 16 Id. 541; Prescott v. Tufts, 4 Mass. 146.

*Wilson & Jenks*, for defendant in error.—The jurisdiction of the court is denied on the ground that the statute is penal, and that Congress has no power to confer upon the state courts jurisdiction to enforce the collection of the penalty. The counts in the declaration are incongruous. The first ten counts are for the penalties under the Act of Congress; the last three are for money had and received, for money expended and laid out and an account stated. The first ten are also in debt, and the last three in assumpsit. This misjoinder may be taken advantage of on error: Seip v. Drach, 2 Harris 352. If the counts require different judgments they are incongruous: Malin v. Bull, 13 S. & R. 441. The judgment in *qui tam* actions and actions for forfeitures is *quod convictus:* 1 Bacon's Abridgment 42. The judgment in the money counts is *quod recuperet.* See also, Smith v. Meanor, 16 S. & R. 375; Denoon v. Binns, 2 Clark 397; Wilson v. Walton, 1 Phila. 517; Bogle v. Kreitzer, 10 Wright 466; Carlisle v. Baker, 1 Yeates 471; Penna. Railroad Co. v. Zug, 11 Wright 480; Noble v. Laley, 14 Wright 281.

Mr. Justice SHARSWOOD delivered the opinion of the court, January 6th 1879.

The first three assignments of error must be sustained. The answers of the learned court below to the first point of the plaintiff and to the first and second points of the defendants are based upon the ground that the state courts have no jurisdiction of an action to recover double the amount of usurious interest against a national bank, under the 30th section of the Act of Congress of June 3d 1864, entitled "An Act to provide a national currency secured by a pledge of United States bonds, and to provide for

[Gruber *v.* First National Bank of Clarion.]

the circulation and redemption thereof." The contrary has been recently held by this court in Bletz *v.* The Columbia National Bank, *ante,* p. 87.

The answer to the third point of the defendants we also think was erroneous—that the claim of the plaintiff to recover the penalty under the act of Congress, and the claim to recover the excess of interest are incongruous, and there can be no recovery for both these demands in the same action. What the plaintiff claimed was the penalties on payments made within two years of the commencement of the suit, and the excess paid before that time within the Statute of Limitations. We see nothing incongruous in these two claims. Besides the misjoinder of counts in a declaration ought properly to be taken advantage of by demurrer, in arrest of judgment, or on error. The assignment ought to have been of error in the judgment on account of such misjoinder. But there was no misjoinder. It is a mistake to suppose that the last count in the declaration—not three counts, but one count combining three money demands—is in assumpsit. It is in debt as are the other counts. No doubt if the first ten counts had been in a *qui tam* action, the judgment would have been different from that on the other counts, and, therefore, there would have been a misjoinder. Bacon Abr. *Action qui tam,* E. But in debt for a statute penalty given wholly to the party aggrieved the judgment is *quod recuperet.*

Judgment reversed and a *venire facias de novo* awarded