## Ambers et ux. v. Girondo

*Alexander Knight*, for plaintiffs.

*W. H. Rosenberry, Jr.*, for defendant.

DANNEHOWER, J., June 1, 1949.—This case is before us on preliminary objections to a bill of complaint in assumpsit seeking restitution and damages under the Federal Housing and Rent Act of June 30, 1947, for alleged overcharges of rent.

Aside from attorneys' fees and costs for which the act provides, plaintiffs' claim can be divided into two categories. The first is for treble damages of the alleged excessive rent for a period of one year prior to the commencement of the suit, while the second is to recover the overpayments of rent made prior to the time for which the treble damages are claimed.

Although defendant filed two preliminary objections, they are really the same and may be considered together as an attack on the latter claim, that for the recovery of the overcharges made more than one year before the commencement of the suit. According to defendant, that portion of the claim should be dismissed, because the Housing Act specifically states that suits for treble damages must be brought within one year. He points to the language of the Act of Congress approved June 30, 1947, c. 163, 61 Stat. at L. 193, 50 U. S. C. §1881 et seq. Title II, §205, 50 U. S. C. §1895, which states:

"Any person who demands, accepts, or receives any payment of rent in excess of the maximum rent prescribed under section 204 shall be liable to the person from whom he demands, accepts, or receives such payment, for reasonable attorney's fees and costs as determined by the court, plus liquidated damages in the amount of (1) $50, or (2) three times the amount by which the payment or payments demanded, accepted, or received exceed the maximum rent which could lawfully be demanded, accepted, or received, whichever

in either case may be the greater amount: *Provided*, That the amount of such liquidated damages shall be the amount of the overcharge or overcharges if the defendant proves that the violation was neither willful nor the result of failure to take practicable precautions against the occurrence of the violation. Suit to recover such amount may be brought in any Federal, State, or Territorial court of competent jurisdiction within one year after the date of such violation."

Plaintiffs base their right to recover the overcharges for the period prior to the year in which treble damages are claimed on title II, sec. 204(b)(1), as amended, 50 U. S. C. §1894. There it is said:

"During the period beginning on the effective date of this title and ending on the date this title ceases to be in effect, no person shall demand, accept, or receive any rent for the use or occupancy of any controlled housing accommodations greater than the maximum rent established under the authority of the Emergency Price Control Act of 1942, as amended, and in effect with respect thereto on June 30, 1947. . . ."

In other words, plaintiffs claim treble damages under the enforcement section of the Act of 1947, sec. 205, and restitution under section 204, the section which prohibits the overcharging. They point out that there is no time limitation mentioned in section 204, and maintain that the ordinary six-year statute of limitations is applicable.

It will be noted that reference is made in section 204(b)(1) to the Emergency Price Control Act of Jan. 30, 1942, c. 26, 56 Stat. at L. 23, 50 U. S. C. §901 et seq. However, that law also contains an enforcement section, section 205(e), as amended, 50 U. S. C. §925(e). In that section there is a provision for treble damages for overcharges of rent and also a limitation of one year in which to bring the action. The effect of the enforcement sections of the Act of

1942 and the Act of 1947 is the same—attorneys' fees, costs, and treble damages may be recovered if the action is brought within one year.

The only question is whether treble damages is an exclusive remedy. The Supreme Court of the United States has held that:

"It (section 205 (*e*) of the Emergency Price Control Act of 1942) establishes the sole means whereby individuals may assert their private right to damages and whereby the Administrator on behalf of the United States may seek damages in the nature of penalties": Porter, Price, Admr., v. Warner Holding Co., 328 U. S. 395, 401 (1946).

If plaintiffs maintain that they seek restitution as distinguished from damages they are met with the maxim that where a statute creates an offense and provides the penalty or remedy, that punishment or remedy is exclusive: see Wilder Mfg. Co. v. Corn Products Co., 236 U. S. 165 (1915).

" 'The liability and the remedy were created by the same statute. This being so, the remedy provided is exclusive of all others. A general liability created by Statute, without a remedy, may be enforced by an appropriate common law action. But where the provision for the liability is coupled with a provision for a special remedy, that remedy, and that alone, must be employed' ": Fourth National Bank v. Francklyn, 120 U. S. 747, 756 (1887), quoting with approval from Pollard v. Bailey, 20 Wall 520 (1874).

There is a line of cases in which recovery against a landlord has been allowed for a period of more than one year, but in those cases the order fixing the maximum rental was entered retroactively. In those cases there was no cause of action until the ceiling was fixed, and therefore recovery for more than a year prior to suit was only logical. See Rauer et al. v. Waxler et al.;

Mullin et al. v. Same, C. C. A. (3rd), 167 F.(2d) 817 (1948).

Plaintiff likens this action to a suit to recover usury under the National Bank Act, R. S. §5198, 12 U. S. C. §86, and cites Gruber v. First National Bank of Clarion, 87 Pa. 465 (1879), as authority that both damages and restitution may be awarded in this type of action. However, the later case of First National Bank of Clarion v. Gruber, 91 Pa. 377 (1879), holds to the contrary, and that the remedy of the statute is exclusive.

The only other question is whether or not defendant has followed the proper procedure in raising this question by preliminary objection. Ordinarily the bar of the statute of limitations is raised as an affirmative defense: Quaker City Chocolate Co. v. Delhi-Warnock Bldg. Assn., 357 Pa. 307, 314 (1947). However, a special statutory limitation qualifying a given right is different, and is in the nature of a condition put by law on the right given: Guy v. Stoecklein Baking Co. et al., 133 Pa. Superior Ct. 38 (1938). Where time is made the essence of the right created and there is no right of action except within the time limitation, the statute need not be pleaded as a defense, but may be taken advantage of on demurrer or the statutory equivalent: Com. ex rel. Fenton Storage Co. v. McClane, Admrx., 154 Pa. Superior Ct. 246, 248 (1944).

For the reasons given, paragraph 8 of plaintiffs' statement of claim fails to state a cause of action. As a cause of action is stated in paragraph 9, the complaint need only be amended by striking out paragraph 8.

And now, June 1, 1949, for the foregoing reasons, defendant's motion to dismiss the complaint is denied, and plaintiffs are given 20 days from this date to amend the complaint to conform to this opinion.