ESSEX COUNTY CIRCUIT COURT.

ALBERT SCHWARTZ AND DOROTHY SCHWARTZ, PLAIN-
TIFFS, v. MARIETTA DELL'OSSO, DEFENDANT.

Decided April 27, 1945.

For the plaintiffs, *Harry Levin.*

For the defendant, *Joseph A. D'Alessio.*

CAFFREY, C. C. J.    This is a motion to strike part of an
amended complaint.    The original complaint filed in this
cause, under date of April 26th, 1944, contains sixteen counts
and the plaintiffs sought to recover the amount of $50 under

each count, alleging a violation of the Emergency Price Control Act, beginning as of March, 1942, until July, 1943.

That part of the statute under which plaintiffs pursued their remedy and which is pertinent, so far as this case is concerned, provides generally that any action may be brought in any court of competent jurisdiction "and shall be brought within one year after * * * rent is paid."

All of the demands were not justified due to the limitations mentioned in section 205-e. The plaintiffs, evidently perceiving their difficulty, obtained an order from Judge William A. Smith on the 31st of May, 1944, with respect to the first thirteen counts, with leave to the defendant to renew objection to the amended complaint.

Briefly stated, the basis of the claim is this: that on March 1st, 1942, the maximum rental provided under the Emergency Price Control Act for the premises in question was $50 a month and that, in violation of the regulations, the landlord charged $53 a month.

They now seek the return of $3 excess rent paid for ten months on the specific ground that the landlord's act was illegal and, regardless of the procedure and the remedy provided for under the Emergency Price Control Act, supplemented by Regulation 28 of the Office of Price Administration, the landlord was unjustly enriched to the extent of the $3 rental charge for the ten months.

The questions raised by this motion are these:

First, assuming that the $3 over-charge is above the rental permitted as of March 1st, 1942, may the plaintiffs recover these overcharges as a matter of right under the common law?

Second, should section 205-e, providing for treble damages or for the recovery of $50 for each violation, depending upon which amount is the greater, be disregarded so as to enable the plaintiffs to sue for each overcharge in an action *in assumpsit*?

There is some conflict of authority as to whether the statute is penal or remedial. However, that question has been settled in New Jersey by force of the opinion of Mr. Justice Case in *Beasley* v. *Gottlieb*, 131 *N. J. L.* 117; 35 *Atl. Rep.* (2d) 49,

wherein it was held that the suit "is a suit of a 'civil' nature, remedial of a private wrong and therefore not 'penal,' but is a private suit for a private wrong  *  *  *."

With respect to remedial statutes, our Supreme Court held in *West Jersey and Seashore Railroad Co.* v. *Public Utility Commissioners,* 8 *N. J. Mis. R.* 899; 152 *Atl. Rep.* 378, that liberality in construction of a remedial statute cannot be extended to a point of reading into the statute powers which its plain language does not give.

Taking the pleaded facts and the analysis of the statute by Mr. Justice Case that a suit for an overcharge is a private wrong, it has to be determined whether or not the payment of the $3 overcharge is in itself a "private wrong" justifying the plaintiff's suit *in assumpsit* for the recovery of the alleged excessive charges of $3 a month.

There seems to be no dispute that the plaintiffs paid the defendant the rent exacted by the defendant voluntarily and received full value in return. There is no suggestion of fraud or overpayment above the agreed rental. It is clear in this posture of the case that, without the enactment of the Emergency Price Control Act, the plaintiffs would not have a semblance of a right. Therefore, it follows whatever right the plaintiffs have must spring from the act itself. The act provides the right and also the remedy.

Much stress has been placed on the doctrine that this statute, being remedial, must be given a liberal construction in order to effectuate the purpose of the act. It is also argued by the plaintiffs that they have a common law right and such right may be asserted through the medium of this statute, although admittedly only part of it can be utilized. Of course, there is no question about the rule that a remedial statute is entitled to receive a liberal construction, *Haggerty* v. *Central Railroad Co.,* 31 *N. J. L.* 349; *State* v. *Norton,* 23 *Id.* 40. See, also, *Crittenden* v. *Wilson,* 5 *Cowen (N. Y.)* 165.

In keeping with their contention that they have a common law right, the plaintiffs argue that the statute is in derogation of their common law right, that such statutes are strictly construed, and that an inference is not to be drawn that the legislature intended to alter the common law principles fur-

ther than is clearly required. In substance, this is the language used in *State* v. *Donovan,* 129 *N. J. L.* 486; 30 *Atl. Rep.* (2*d*) 421. The difficulty lies in accepting the plaintiffs' premise that the $3 a month overcharge constitutes a common law violation.

As I read the statute, whatever right the plaintiffs have flows from the statute itself and, without its application, no right of recovery would exist at all. Therefore, the limitation is one affecting the right as distinguished from one merely affecting the remedy. It is somewhat analogous to a suit under our statute justifying recovery for wrongful death.

In the case of *Loewy* v. *Gordon,* 129 *App. Div.* 459; 114 *N. Y. S.* 211, Mr. Justice Woodward, speaking for the court said:

"When a statute giving a privilege unknown to the common law, or enlarging a privilege, authorizes something to be done in the manner therein prescribed, it by necessary implication forbids that it shall be done in any other way, even though that other way should be just as good or better." See, also, *Pollard* v. *Bailey,* 87 *U. S.* 520; 22 *L. Ed.* 376. Mr. Chief Justice Waite said:

"The liability and the remedy were created by the same statute. This being so the remedy provided is exclusive of all others. A general liability created by statute without a remedy may be enforced by an appropriate common law action. But where the provision for the liability is coupled with a provision for a special remedy, that remedy, and that alone must be employed," and see *Black on Interpretation of Laws* (2*d* ed.) 367, *et seq.* Also see *Cases on Interpretation of Statutes, Part* 3, *ch.* 2, by Professor Frederick J. de Sloovere.

Mr. Chief Justice Green, speaking for the Supreme Court in the case of *City of Camden* v. *Henry Allen,* 26 *N. J. L.* 398, and discussing a suit for the payment of taxes, which was instituted by an action of debt, held that where the statute provides another method of recovery, it can only be collected in the mode prescribed by our statute. He quoted from *Stevens* v. *Evans,* 2 *Burrowes* 1152, "that, upon a new statute, which prescribes a particular remedy, no remedy can be taken

but the particular remedy prescribed by the statute." In the same case he also discussed *United States* v. *Lyman, Fed. Cas. No.* 15,647, 1 *Mason's C. C. R.* 481:

"It was argued by the defendant's counsel, that wherever a right is given by statute, and no remedy pointed out by which to enforce it, that there an action of debt at common law will lie; but that, wherever any remedy is provided by statute, such remedy is an exclusion of all other, and must be adopted * * *. And Mr. Justice Story, in delivering his opinion, fully admitted the principle. He said: 'Where the debt arises by statute, an action or information of debt is the appropriate remedy, unless a different remedy be prescribed by the statute.' "

The plaintiffs in this action concede that they cannot recover the $50 or treble damages for the months mentioned in this paragraph under the Emergency Price Control Act by reason of the limitation thereof. To me it is manifest that their inability to apply the statute in that situation debars them from recovering their claim of $3 a month from July, 1942, to April, 1943, inclusive, which of necessity arises only by force of the same statute.

I hold that the statutory remedy is exclusive and, therefore, the counts presented by the amended complaint, seeking the recovery of $3 a month for ten months, will be stricken.