JOHN CARMELLY AND MADELINE CARMELLY, PLAIN-TIFFS-APPELLANTS, CHESTER BOWLES, ADMINISTRA-TOR, OFFICE OF PRICE ADMINISTRATION, INTER-VENOR-APPELLANT, v. A. JOSEPH HANSON AND ANNA HANSON, DEFENDANTS-RESPONDENTS.

Argued May 1, 1945—Decided July 31, 1945.

Before Justices CASE, BODINE and PERSKIE.

For John Carmelly and Madeline Carmelly, *Charles A. Rizzi* and *Joseph Tomaselli.*

For Charles Bowles, Administrator, Office of Price Administration, intervenor-appellant, *Bryan B. McKernan.*

For the defendants-respondents, *John Henry Reiners, Jr.*

The opinion of the court was delivered by

CASE, J.   There are appeals by the plaintiffs below and by the intervenor and a cross-appeal by the defendants below from a judgment entered in the Camden City District Court under section 205(e) of the Federal Emergency Price Control Act of 1942 (affective June 30th, 1942, chapter 26; 56 *Stat.* 23; 50 *U. S. C. A. App.*, §§ 901, *et seq.*)   Therefore, each party is an appellant and a respondent.   Defendants below also represent themselves as counter-claimants, but we find no counter-claim printed in the record of the District Court proceedings and we are unable to consider the merits, or the lower court's disposition, of a claim that is not before us.   For clarity we shall refer to the parties by their designation in the court below.

The action grounds in the receipt, by the defendants, of rental in excess, by $2 per month, of the maximum rental allowed by regulations.   Plaintiffs sued for the sum of $2, said to have been paid as excess rental on or about July 15th, 1942, and for the sum of $300, consisting of $50 per month for the excessive collection of $2 per month rent for each of the months beginning on the 15th day of August, September, October, November, December, 1942, and January, 1943, respectively, making a total demand of $302 together with reasonable attorney's fees and costs according to the said act and regulations.   Up to and including the month running from February 15th to March 15th, 1942, plaintiffs, as monthly tenants, had paid to the defendants, as owners, a monthly rental of $18.   On February 15th the owners gave notice to the tenants that the rent would be increased on March 15th to $20 per month and rental at that rate was actually paid by the tenants from March 15th, 1942, until and including the month from December 15th, 1942, until January 15th, 1943.

Meanwhile, on July 1st, 1942, the Administrator of the Office of Price Administration made an order fixing the maximum rentals in the area where the property was located at the rentals in force on March 1st, 1942. That ruling, as applied to the property of which the plaintiffs were then tenants and the defendants were the owners, fixed a ceiling rental of $18 a month, although there was, on March 1st, 1942, and had been since February 15th, the oustanding notice of increase. Defendants, placing their own interpretation upon the legal status, filed with the Office of Price Administration, on August 12th, 1942, a rental registration which stated that the maximum legal rent on March 1st was $20. The Office, according to practice, forwarded a copy of the registration to the tenants, who, in turn, reported that the maximum rental as of that date was $18. Thereupon the Office called in the parties, had a hearing and determined that the increase in rental was a violation. The defendants immediately made the reduction and offered to refund the total sum of the overcharge in settlement. That offer was refused. The suit followed.

The amount of $50 per month is, of course, a purely arbitrary recovery under the statute. Whether it be penal, punitive or compensatory, it is allowed because of the overcharge of $2 and is to be multiplied by the number of months in which there was a $2 overcharge. The District Court found that the owners had acted in good faith in an honest misunderstanding of the law. The court said: "Throughout the course of the trial, I was impressed with the fact that the defendants attempted to comply with rent regulations enforceable in that area and substantially did so. Their honesty and sincerity of purpose cannot be doubted." The trial court held that it had a discretion under the statute as to the amount of recovery and gave judgment to the plaintiffs for the excess rental at $2 per month actually paid during the seven months' period, amounting to $14, to which was added costs to the plaintiffs and a $25 counsel fee to their attorney.

The pertinent statutes will be found recited in our opinion in *Beasley* v. *Gottlieb*, 131 *N. J. L.* 117. We are of the opinion that in a tenant's action, under section 205(e) of the statute,

as it was at the time of and respecting the period in question, the allowance of $50 for each month of overcharge, where it applies, is mandatory. There was a rental overcharge, however unintentional; and, harsh as it seems in a case like the present, there is no discretion in the trial court to reduce the recovery below the amount sued for by the tenant in compliance with the statute and regulations. The controlling factor is the overcharge; good faith, we believe, is not, under the statute as it then was, a redeeming influence to protect the owner from the specified recovery. The construction given by the Municipal Court of Appeals for the District of Columbia in the case of *Hall* v. *Chaltis,* 31 *Atl. Rep.* (2d) 699, relied upon by the trial court, was, in effect, we think, overruled by the Circuit Court of Appeals for the District of Columbia in *Bowles* v. *American Stores, Inc.,* 139 *Fed. Rep.* (2d) 377.

Nevertheless the plaintiffs were not entitled to recover the entire amount for which they sued or for the entire period covered by the judgment for actual overpayment. The statute upon which, with the regulations promulgated thereunder, plaintiffs depend for their recovery limits that recovery (section 925(e)) to a suit brought within one year after the payment of the disputed rent. The rent became due and, so far as we have been able to discover from the proofs, was paid on the 15th of each month in advance. The action was begun by the issuing of summons and filing of state of demand on November 16th, 1943. Therefore no rental payment made before November 16th, 1942, could be the subject of recovery in that statutory action. The only payments sued upon which come within the year's limitation seem to have been those made on December 15th, 1942. and January 15th, 1943.

We are urged by the defendants to review and to reverse our finding in *Beasley* v. *Gottlieb, supra,* which held for jurisdiction in our state district courts. That decision, however, has been followed by this court in *Bendit* v. *H. L. R. Holding Co.,* 131 *N. J. L.* 91; *Wutkowski* v. *Palutes,* 131 *Id.* 441, and *Milne* v. *Wasserman,* 132 *N. J. L.* 285, by the lower courts in a number of instances, as *e. g., Schwartz* v. *Dell'Osso,* 23 *Misc.* 151, has been cited by our Court of Errors

and Appeals in *Wilentz* v. *Hendrickson,* 135 *N. J. Eq.* 244, 255, and has been noted in other reports and publications, as in *Gilbert* v. *Thierry,* 58 *Fed. Supp.* 235, 239, and in 150 *A. L. R.* 1466n. The decision obviously gave the court some concern at the time it was rendered, and subsequent proceedings have yielded support to the argument that the suits prosecuted in our courts under the federal statute have been penal in nature, inspired and encouraged by the governmental agency. Nevertheless, under the circumstances, we feel constrained to accept the decision as a controlling precedent until the Court of Errors and Appeals shall indicate to the contrary.

The judgment below will be reversed. Both sides have prevailed in part and no costs will be allowed.