SOMERSET COUNTY CIRCUIT COURT.

ARTHUR R. KERSTING AND GLADYS KERSTING, PLAINTIFFS, v. LILLIAN HARDGROVE, DEFENDANT.

Decided July 12, 1946.

For the plaintiffs, *Lyness & Bedell (Charles Blume, of* counsel).

For the defendant, *Myron L. Levy.*

LEYDEN, C. C. J.  Defendant moves to strike the various counts of the complaint, assigning eight reasons therefor, only two of which seem to merit consideration.

The complaint contains eighteen counts, each seeking redress for an overcharge for rent, which overcharge is alleged to be contrary to the provisions of the Emergency Price Control Act of 1942, as amended, 50 *N. S. C. A. Appendix,* §§ 901, *et seq.,* relating to the maximum rent regulation.

The summons was tested at Somerville on the 9th day of April, 1946.  The overcharges set forth in the first six counts of the complaint occurred more than a year prior thereto.

Section 205(e) of the act provides that if a person selling a commodity violates a regulation prescribing a maximum price, the person who buys such commodity may, within one year from the date of the occurrence of the violation, bring an action against the seller on account of the overcharge. This remedy was unheard of at common law. The federal statute creates the right and limits the recovery and the liability of the wrongdoer to actions brought within one year after payment of the overcharge. *The Harrisburg,* 119 *U. S.* 199 (at *p.* 214); 7 *S. Ct.* 140; *Atlantic Coast Line Railroad* v. *Burnette,* 239 *U. S.* 199; 36 *S. Ct.* 75. It has been similarly held in New Jersey. *Schwartz* v. *Dell'Osso,* 23 *N. J. Mis. R.* 151; 42 *Atl. Rep.* (2d) 306; *Carmelly* v. *Hanson,* 133 *N. J. L.* 180; 43 *Atl. Rep.* (2d) 685; *Zuest* v. *Ingra,* 134 *N. J. L.* 15; 45 *Atl. Rep.* (2d) 810, is not in conflict. The statute, in its effect, is comparable to our Death Act, *R. S.* 2:41–1, *et seq.; N. J. S. A.* 2:41–1, *et seq.* See *Peters* v. *Public Service Corporation of New Jersey,* 132 *N. J. Eq.* 500; 29 *Atl. Rep.* (2d) 189; *affirmed,* 133 *N. J. Eq.* 283; 31 *Atl. Rep.* (2d) 809. The first six counts, therefore, are insufficient in law in that they do not state facts sufficient to constitute a cause of action. The motion to strike is granted.

The remaining point that each count of the complaint involves a federal penalty statute cognizable exclusively in the federal courts and, therefore, the Somerset County Circuit Court has no jurisdiction, poses some interesting questions: (1) whether the State of New Jersey will enforce a penalty imposed by a foreign sovereignty, and (2) whether the United States government is a foreign sovereignty in so far as the citizens of New Jersey are concerned.

The oft repeated *dictum* that courts of one sovereignty will not enforce the penal laws of a foreign sovereignty goes back to Chief Justice Marshall's statement of the maxim of international law that "The courts of no country execute the penal laws of another." *The Antelope,* 23 *U. S.* 66 (at *p.* 123), and to the case of *Huntington* v. *Attril,* 146 *Id.* 657; 13 *S. Ct.* 224, in which latter case the dispute was between the States of New York and Maryland over a penal statute of the State of New York.

The United States Constitution, article 6, paragraph 2, provides that the constitution and laws of the United States made in pursuance thereof, and all treaties under the authority of the United States, shall be the supreme law of the land, and all judges in every state shall be bound thereby. It would seem, therefore, that the laws of the United States passed agreeably to the constitution, are the laws of the several states and as binding on the citizens and the courts of the states as the state laws.

The United States government is not a foreign sovereignty as respects the several states but is a concurrent, and within its jurisdiction, a superior sovereignty. Every citizen of New Jersey is subject to two distinct sovereignties; that of New Jersey and that of the United States. The two together form one system and the two jurisdictions are not foreign to each other. See *Claflin* v. *Houseman,* 93 *U. S.* 130 (at *p.* 136). The case of Huntington *v.* Attrill may be distinguished as applying only to two sovereign and independent states of the United States.

It is unfortunately true that the State of New Jersey had no say in the determination of whether the Emergency Price Control Act of 1942 was in fact in accordance with the United States Constitution, and its courts become merely mechanical adjuncts of the federal system. The fact remains, as I view it, that the sounder view is that the two jurisdictions are not foreign to each other.

The conclusion is that the courts of New Jersey, since the Congress has granted concurrent jurisdiction in the enforcement of the act, will entertain actions to enforce the penalties imposed under the Emergency Price Control Act, as amended.

The motion to strike the remaining counts of the complaint, for the reasons stated, is denied.