MARY MULARKEY, *Defendant Below, Appellant, v.* JOHN A. LUCEY, *Plaintiff Below, Respondent.*

(*March* 10, 1948.)

LAYTON, J., sitting.

*Robert C. Barab* for Plaintiff Below Respondent.

*Joseph Donald Craven* for Defendant Below Appellant.

Superior Court for New Castle County.

LAYTON, J., delivering the opinion of the Court:

This case comes before me on a motion for summary judgment filed in connection with an appeal by defendant below appellant, hereafter called Mularkey, from a judgment of a Justice of the Peace, awarding triple damages in a rent overcharge proceeding under Sec. 205(e) of the Emergency Price Control Act of 1942. Title 50 U.S.C.A. Appendix, § 925(e). Motion granted.

Affidavits in support of the motion filed by plaintiff below respondent, hereinafter called Lucey, disclose that prior to March 1, 1942, the so-called maximum rent date fixed by the Act, Mularkey had rented a premises known as 836 West Seventh Street, Wilmington, consisting of a store and dwelling apartment above, for $48.00 monthly. On July 7, 1943, subsequent to the effective maximum rental date provided by the Act, Mularkey rented to Lucey the upstairs dwelling portion of the premises, but not the store below, for $48.00 monthly. Thereafter, Lucey filed a complaint with the Office of Price Administration in Wilmington, upon the theory that the rental of $48.00 monthly for the dwelling portion of the premises alone was excessive. Accordingly the local Rent Director instituted a proceeding under Section 5(d) of the regulations to determine the

maximum rent for the dwelling portion of the premises. An investigation by the Rent Director disclosed that, based upon rentals for comparable accommodations prior to March 1, 1942, $30.00 per month was the maximum rental which could be charged after such date. On July 6, 1945, a hearing was held at which Mularkey was afforded an opportunity to object to the finding by the Rent Director. On December 20, 1945, the Rent Director issued an order formally establishing the maximum rental for the dwelling portion of the premises at $30.00 monthly as of March 1, 1942, and by letter directed Mularkey to refund to Lucey the sum of $18.00 monthly back to August 7, 1943, the date of the first overcharge of rent. While Mularkey reduced the rental to $30.00 monthly after the date of the order, she nevertheless appealed to the Regional Administrator in New York who, on August 30, 1946, affirmed the finding of the local office, but reversed that part of the order directing a refund.

In November 1946, Lucey brought suit before a Justice of the Peace for triple damages under Sec. 925 (e) of the Act. On December 9, 1946, a judgment was rendered against Mularkey for $162.00 debt, $25.00 attorney's fees and costs. The effect thereof was to award triple damages for rent overcharges for the months of October, November and December, 1946, the Court having found that the Statute of Limitations of one year under the Act barred recovery prior to October, 1946. It is from this judgment that Mularkey appeals.

No affidavits were filed on behalf of Mularkey in opposition to the motion for summary judgment. Her counsel contends that Mularkey having reduced the rental from the date of the order, and that portion thereof directing her to refund back to July 7, 1943, having been reversed, she is free from all liability. And, even though there may

be liability, he further contends that his client, having acted in good faith, should not be liable to respond in triple damages. Lastly, it is argued that Lucey's counsel is not entitled to have the attorney's fee awarded by the Justice of the Peace increased because of the additional services rendered necessary by this appeal.

Rule 56 of the Rules of the Superior Court is (for all practical purposes) identical in language and spirit with Rule 56 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, governing practice in the Federal Courts. Section (c) provides: "The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages."

I find no genuine issue of fact. I was at first somewhat concerned as to whether I could make any finding on the issue of triple damages in view of the fact that there is no evidence before me as to whether the overcharges were made wilfully. However, Sec. 925(e), Vol. 50 U.S.C.A. Appendix, places the burden of proving that the overcharge was not wilful upon the defendant, not the plaintiff. Mularkey had every opportunity to file affidavits in connection with this motion for the purpose of demonstrating that the overcharge was neither "willful nor the result of failure to take practicable precautions against the occurrence of the violation." She failed to do so. Under such facts I shall

have to resort to such record as is before me on the question of intent.

Mularkey's first contention is that she is not liable in damages because she reduced the rental in accordance with the terms of the order of December 20, 1945, and that portion of the order directing a refund was thereafter reversed. Title 925 (e), Vol. 50 U.S.C.A. Appendix, insofar as pertinent here, states: "If any person selling a commodity violates a regulation, order, or price schedule prescribing a maximum price or maximum prices, the person who buys such commodity for use or consumption other than in the course of trade or business may, within one year from the date of the occurrence of the violation, except as hereinafter provided, bring an action against the seller on account of the overcharge. In any action under this subsection, the seller shall be liable for reasonable attorney's fees and costs as determined by the court, plus whichever of the following sums is greater: (1) Such amount not more than three times the amount of the overcharge, or the overcharges, upon which the action is based as the court in its discretion may determine, or (2) an amount not less than $25 nor more than $50, as the court in its discretion may determine: Provided, however, That such amount shall be the amount of the overcharge or overcharges if the defendant proves that the violation of the regulation, order, or price schedule in question was neither willful nor the result of failure to take practicable precautions against the occurrence of the violation. For the purposes of this section the payment or receipt of rent for defense-area housing accommodations shall be deemed the buying or selling of a commodity, as the case may be; and the word 'overcharge' shall mean the amount by which the consideration exceeds the applicable maximum price."

Section 5(d) of the regulations promulgated pursuant

to the Act provides: "(d) Orders where facts are in dispute, in doubt, or not known. If the rent on the date determining the maximum rent, or any other fact necessary to the determination of the maximum rent, or the services, furniture, furnishings or equipment provided with the accommodations on the date determining maximum rent, is in dispute between the landlord and the tenant, or is in doubt, or is not known, the Administrator on petition of the landlord filed within thirty days after the effective date of regulation, or at any time on his own initiative, may enter an order fixing the maximum rent by determining such fact, or determining the services, furniture, furnishings, and equipment provided with the accommodations on the date determining the maximum rent or both. If the Administrator is unable to ascertain such fact, or facts, he shall enter the order on the basis of the rent which he finds was generally prevailing in the defense-rental area for comparable housing accommodations on the maximum rent date and, where appropriate, may determine the services, furniture, furnishings and equipment included in such rent."

I cannot agree with defendant's argument that there is no liability because that portion of the local Rent Director's order directing a refund of overcharges was reversed on appeal. The wording of the Regional Administrator's opinion reversing the direction of the local Director to refund, was as follows: "The Regional Administrator is of the further opinion, however, that the Rent Director's letter of December 20, 1945, accompanying the said Order, was unauthorized under the Regulation because a landlord does not have the right to refund when the maximum rent is established under Section 5 (d). If the landlord collected more than the maximum rent established by Order of the Rent Director, such sum is an overcharge and the landlord may be liable in treble damages under Section 205-E

of the Regulation. The Regional Administrator, therefore, hereby disapproves and revokes the Rent Director's said letter insofar as it may be construed as a directive to refund."

It is reasonably clear that the Regional Administrator reversed the Rent Director's order requiring Mularkey to refund, because had it been allowed to stand, Mularkey, by complying therewith, would have been able to avoid a suit for three times the monthly overcharges by repaying only the overcharges themselves. In fact, I believe that the Regional Administrator correctly applied the law to the situation. A reading of Sec. 5(a) of the regulations in connection with Sec. 925(e) of the Act convinces me that where, in a proceeding under Sec. 5(d) a maximum rent is established at a lesser figure than the rental set in the lease, a right of action arises in favor of the tenant against the landlord for the difference. While the right of action arises on the date of the first overcharge, the number of monthly rent overcharges which may be recovered would depend on the period of Limitations in the Act. If, in such an action, the landlord were unable affirmatively to establish that his overcharges were not "Willful nor the result of failure to take practicable precautions against the occurrence of the violation" then the damages could be trebled. I find, therefore, that a right of action existed in favor of Lucey against Mularkey for rent overcharges under the Act. Sec. 925(e) provides that such an action may be brought within one year from the date of the occurrence of the violation. This provision has been generally construed to mean that a tenant may recover only with respect to overcharges which occurred within one year of the institution of the action. *Carmelly v. Hanson, Sup. Ct.*, 1945, 133 *N.J.L.* 180, 43 *A.* 2d 685, 687. So far as I can ascertain, Lucey paid his rent at the end of each month.

The October rental was due and was paid in November, 1945, and the last overcharge of rent was for the month of December, 1945. The action was started in November, 1946. Therefore, rentals paid in October, November and December constituted overcharges and were violations occurring within one year from the commencement of the action. The damages then, could be treble the actual overcharge, $18.00 per month, for these three months, unless Mularkey demonstrates that the overcharges were neither "willful nor the result of failure to take practicable precautions against the occurrence of the violation." Mularkey has failed to file any affidavits evidencing good faith in the charging of the rentals in question. Wide publicity attended the enactment of the Emergency Price Control Act. Mularkey, as a landlord, was charged with the knowledge of its objects and purposes. In exacting the same rental for the upstairs apartment alone which she had received for the entire premises prior to March 1, 1942, she must have known that she was in violation of the terms of the Act. She could easily have protected herself under Section 5 (d) of the regulations by petitioning the local Rent Director for a determination as to the fair rental for the upstairs apartment, meanwhile agreeing with the tenant to refund any excess between the figure thereafter determined by the Rent Director and the rental she was charging. Under such circumstances it is impossible to conceive that a finding for treble damages would be made by any Court. She did not do this, but persisted in charging a rental which she must have known was in violation of the Act, for a period of nearly two years and a half thereafter. For these reasons the motion for summary judgment is granted, and I assess treble the amount of rent overcharges for three months, or $162.00, as damages.*

I further award an additional attorney's fee of $25.00 for the additional services rendered by counsel for

Lucey in resisting this appeal, together with costs of the action.

*This exceeds the alternative provision for damages provided in the Act. No discussion of that question was necessary therefore.