9 N.J. Super. 610 (1950)
76 A.2d 52
HAROLD GETTO, PLAINTIFF,
v.
MARY SILPE, DEFENDANT.
Superior Court of New Jersey, Essex County Court Law Division.
Decided October 17, 1950.
*611 Mr. Henry H. Rubenson, attorney for plaintiff.
Messrs. Kapp Brothers (Mr. Lester Sandles) appearing for defendants.
WILLIAM A. SMITH, J.S.C.
The defendant moves for summary judgment based upon the pleadings, the pretrial order, affidavits submitted by the defendant attached to the notice of motion and an affidavit submitted by the plaintiff. The action is brought to recover damages by a claimed overcharge for rent under the Emergency Price Control Act as amended by the Federal Housing and Rent Act of 1947, more particularly section 205.
The complaint in this case was filed on September 20, 1949. The plaintiff tenant entered into a lease with the defendant for an apartment in premises known as 10 Custer Place, *612 Newark, belonging to the defendant. The lease was for a term of two years commencing February 1, 1947, therefore expiring February 1, 1949. A new lease was entered into between the parties under date of September 20, 1948, for a term of 28 months commencing on October 1, 1948, and expiring on January 31, 1951. The new lease provided for four months from February 1, 1949, at the rental of the original lease and the balance at a 10% increase to $52.25 which, as not disputed, is a lawful increase.
At the time of the execution of the new lease the plaintiff gave to the defendant a general release. The charge the plaintiff claims as an overcharge is the exaction of a bonus of a fur coat valued at $1,100 on the making of the original lease, and of course for the purposes of this motion this claim must be considered as true, although the defendant denies any such bonus having been exacted or received.
The plaintiff having failed to bring any suit for more than a year is barred from recovery under the Federal Housing and Rent Act. The plaintiff however contends that a complaint was made to the Housing Expediter and pursuant to that claim the Housing Expediter initiated proceedings to recover for the overpayment in the name of the United States for the benefit of the plaintiff. The proof by way of the pretrial order provides that the parties admit that a release, which was a general release in form, was given by the defendant to the plaintiff in September, 1948. The plaintiff's claim is that:
"* * * the execution of the release by the tenant plaintiff claims constituted a release of the proceedings before the Housing Expediter for restitution and thereby the plaintiff was deprived of $1,100 which it is claimed was the value of the fur coat, and that the release formed part of the consideration for the new lease.
"The plaintiff now sues to recover the value of the right of the Housing Expediter to recover compensation for the bonus given to the defendant in the shape of a fur coat, on the ground that the release was a consideration of the discharge of this right and was a bonus payment under the new lease."
The action brought by the United States I assume must have been under the provision of section 205 of the Federal *613 Housing and Rent Act, 50 App. U.S.C.A. 925, which provides that the Administrator, if the tenant (called the "buyer" in the Act) does not institute an action "within thirty days from the date of the occurrence of the violation or is not entitled for any reason to bring the action, may institute such action on behalf of the United States within such one-year period," and that if the Administrator institute the suit the tenant shall thereafter be barred from bringing any action. It will be noted that the action by the United States is not for the benefit of the tenant. It was conceded in the motion that the release was filed by the defendant with the Housing Expediter and that proceedings to collect for any bonus were dropped by the Housing Expediter.
Under these circumstances the tenant would have no right to release the United States' cause of action and therefore the execution and delivery of the release by the plaintiff to the defendant cannot be considered as a bonus for the execution of the second lease. It might be that the filing of the release with the Housing Expediter influenced the discontinuance of the United States' action, but the benefit that the defendant may have received is not a consideration which may be figured in dollars and cents so as to become a bonus and overcharge for rent. It is therefore my conclusion that the plaintiff cannot claim as an alleged overpayment of a bonus for obtaining the execution of the original lease of February 1, 1947, a release executed by him to the defendant upon the execution of the new lease, as the plaintiff had no right of action against the defendant for any overcharge at the time of the execution of the release and the new lease, nor did the plaintiff have any right to discharge any cause of action that the Housing Expediter had for the original alleged bonus.
The application for summary judgment in favor of the defendant will therefore be granted.