12 N.J. Super. 356 (1951)
79 A.2d 508
HARRY DEMOSSE, PLAINTIFF,
v.
ESTHER SHIMMEL, DEFENDANT.
Superior Court of New Jersey, Camden County Court.
Decided March 9, 1951.
*357 Mr. Edward W. Eichmann, attorney for plaintiff.
Mr. Irvin M. Lichtenstein, attorney for defendant.
DONGES, J.S.C.
The defendant moves to strike the complaint in this matter on the grounds that a 30-day statute of limitations bars plaintiff's action and that the one-year statute of limitations bars recovery of all sums claimed prior to a year from the commencement of the action.
The complaint alleges that plaintiff is a tenant of the premises in question. The rental was originally $60 per month. On March 15, 1950, the Office of the Housing Expediter of the United States issued an order setting a maximum rental of $42.50 per month, effective April 1, 1949. A copy of the order was sent to the landlord and tenant and provided, inter alia, that a refund be made to the tenant of all overcharges within 30 days from the date of the order. The defendant landlord failed to make the refund and plaintiff instituted this suit for treble damages on November 1, 1950.
The pertinent section of the Housing and Rent Act of 1947, as amended provides, § 205, 50 U.S.C.A. Appendix, § 1895, that suit to recover overcharges shall be brought within one year after the date of such violation and if the *358 tenant does not institute his suit within 30 days from the violation, then the United States may institute the action. Defendant contends that this is a 30-day limitation upon the tenant's right to sue. I do not conceive it to be so. The statute merely gives the tenant the exclusive right to sue during the first 30 days, and gives the tenant and the United States an equal right to sue during the next 11 months.
Defendant next contends that at least so much of the complaint which demands judgment for overcharges prior to November 1, 1950, should be stricken because of the one-year limitation. He cites numerous cases to support his contention, among which are: Carmelly v. Hanson, 133 N.J.L. 180 (Sup. Ct. 1945); Mularky v. Lucey, 57 A.2d 767 (Super. Ct. of Del. 1948); Kersting v. Hardgrove, 24 N.J. Misc. 243 (Cir. Ct. 1946); Schwartz v. Dell'Osso, 23 N.J. Misc. 151 (Cir. Ct. 1945); and Walsh v. Gurman, 132 Conn. 58, 42 A.2d 362 (Sup. Ct. of Errors of Conn. 1945). These cases all stand for the proposition that a tenant may recover from the landlord only with respect to overcharges which occurred within one year of the institution of the action. However, in none of these cases was there a refund order of the Office of the Housing Expediter. This situation, however, was passed upon by the Supreme Court of the United States in Woods v. Stone, 333 U.S. 472, 92 L.ed. 815 (1947). In that case, when the area rent director set the maximum rental on the property involved, he ordered a refund of amounts paid by the tenant and the order was made retroactive. Upon the landlord's failure to comply with the order, the tenant instituted suit. The one-year statute of limitations was pleaded, and the court in dealing with this problem stated that the one-year statute of limitations began to run on the date that a duty to refund was breached. This date the court conceived to be the time stated in the order for a refund. This case and our present case are, therefore, distinguishable from the cases cited by the defendant.
The motion to strike the complaint is denied.