14 N.J. Super. 340 (1951)
82 A.2d 200
PAUL MARTIN, MICHAEL GIULIANO, FRANK PETRUCCI AND JEAN FRATELLO, PLAINTIFFS-RESPONDENTS,
v.
JULIA MAZZIOTTI, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued May 14, 1951.
Decided June 29, 1951.
*342 Before Judges EASTWOOD, BIGELOW and SCHETTINO.
Mr. Paul Kleinberg argued the cause for the defendant-appellant (Mr. Harry G. Cohen, attorney).
Mr. Victor H. Miles argued the cause for plaintiffs-respondents.
*343 The opinion of the court was delivered by SCHETTINO, J.S.C.
Defendant appeals from four judgments awarding treble damages in the total amount of $5,310 and counsel fees in the total amount of $1,000 arising out of alleged violations of the Federal Housing and Rent Act of 1947.
The four plaintiffs joined their respective claims in a single action instituted on January 10, 1950.
Plaintiff, Martin, admittedly paid $50 per month from January 15, 1949, through the period covered by the complaint. He alleged that the maximum authorized rental was $30 per month, but the registration certificate apparently proved that the authorized rental was $20 per month. He claimed, and the jury found, that he paid a bonus of $225 in February, 1949. The judgment in his favor is in the sum of $1,755 which is treble the rental charge over the authorized rental of $20 per month, and treble the bonus. The court allowed a counsel fee of $250.
Plaintiff, Giuliano, admittedly paid $50 per month throughout the period covered by the complaint. The authorized maximum rent was $27 per month. He claimed and the jury found that he paid a bonus of $225. His judgment is in the sum of $1,494 which is treble the excess charge and bonus. Counsel fee of $250 was allowed with respect to his claim.
Plaintiff, Petrucci, admittedly paid $50 per month throughout the period in suit. The authorized maximum rental was $32 per month. He claimed and the jury found that he paid a bonus of $225. His judgment is in the sum of $1,323, which is treble the excess charge and bonus. Counsel fee of $250 was allowed on this claim.
Plaintiff, Mrs. Fratello, admittedly paid the sum of $35 per month for the first six months covered by the complaint and the sum of $50 per month for the remaining six months. The authorized maximum rent was $22 per month. No bonus was here involved. Her judgment is in the sum of $738 which is treble the excess charge. A counsel fee of $250 was allowed as to her claim.
*344 Defendant contends: (1) It was error to allow recovery for the bonus payments made by Giuliano and Petrucci because those payments were made more than one year before suit was instituted; (2) it was error to leave to the jury the issue respecting the allowance of treble damages; (3) the trial court erred in admitting testimony as to alleged violations of the New Jersey Tenement House Act; (4) the trial court erred in refusing to admit into evidence a release executed by Giuliano, and (5) counsel fees should be modified if the judgments are reduced on appeal.

I
The Housing and Rent Act of 1947 as amended provides with respect to these claims that "Suit to recover such amount may be brought in any Federal, State, or Territorial court of competent jurisdiction within one year after the date of such violation." 50 U.S.C.A. App., sec. 1895. Bonus payments are included in the statutory definition of "rent," 50 U.S.C.A. App., sec. 1892 (e), and the limitation upon the time for suit applies to such payments.
The record shows that Giuliano paid the bonus in November, 1948. Petrucci testified that his bonus payment was made around January 5, 1949. Since both payments were accordingly made more than one year before suit was instituted, recovery therefor was accordingly barred by the statute. Demosse v. Shimmel, 12 N.J. Super. 356 (Cty. Ct. 1951); Getto v. Silpe, 9 N.J. Super. 610 (Cty. Ct. 1950).
Defendant properly urged below that recovery for these bonus payments was precluded by the statutory limitation. Their inclusion in the judgment appears to have been inadvertent. The trial court expressly accepted defendant's request to charge in this regard and said that he would apply the limitation in calculating the damages upon the basis of the jury's answers to three questions submitted with respect to other issues in the case. After the jury returned its verdict, including the finding of fact that the bonuses were paid, the trial court and counsel calculated the dollar verdicts, *345 and it is manifest that the bonus payments of Petrucci and Giuliano in fact trebled, were included through oversight. Defendant is entitled to be relieved with respect to these items.

II AND III
50 U.S.C.A. App., sec. 1895 provides:
"Any person who demands, accepts, or receives any payment of rent in excess of the maximum rent prescribed under section 204 (section 1894 of this Appendix) shall be liable to the person from whom he demands, accepts, or receives such payment (or shall be liable to the United States as hereinafter provided), for reasonable attorney's fees and costs as determined by the court, plus liquidated damages in the amount of (1) $50, or (2) three times the amount by which the payment or payments demanded, accepted, or received exceed the maximum rent which could lawfully be demanded, accepted, or received, whichever in either case may be the greater amount: Provided, That the amount of such liquidated damages shall be the amount of the overcharge or overcharges if the defendant proves that the violation was neither willful nor the result of failure to take practicable precautions against the occurrence of the violation."
Defendant contended below that the rental units were not subject to rent control and further that, if they were, her violation was "neither willful nor the result of failure to take practicable precautions against the occurrence of the violation." The jury found against defendant on both issues. Defendant does not here challenge the finding that accommodations were controlled, but does press her claim that the evidence precluded an award of treble damages. Her further contention that it was error to admit evidence of violation of the Tenement House Act bears upon the issue of willful violation and hence the two challenges will be considered together.
It appears that defendant's husband consulted the Office of the Housing Expediter with respect to contemplated alterations of the property. He exhibited blueprints which showed proposed changes to the existing units and also the creation of two new units in the basement. He was informed that if the plans were executed, the property would become decontrolled. This opinion was expressed in the light of the provision *346 of 50 U.S.C.A. App., sec. 1892 which excluded from "controlled housing accommodations" any housing accommodations "which are additional housing accommodations created by conversion on or after February 1, 1947."
Defendant completed certain alterations with respect to the existing units and created the two new units in the basement. The changes to the existing units need not be related here. It is sufficient to say that, although they might have justified the granting of an increase in rent, the jury was well justified in finding that they did not create additional housing accommodations operating to decontrol those units. See Bancroft Realty Co. v. Alencewicz, 7 N.J. Super. 105 (App. Div. 1950). As stated above, defendant does not challenge that finding on this appeal.
With respect to the issue of willful violation and failure to take practicable precautions, the testimony was as follows: A representative of the Housing Expediter testified that the plans submitted, if executed, would accomplish decontrol and that he so informed defendant's husband. After such work as was done had been completed, defendant's husband sought to have the units registered but was told by the Office of the Housing Expediter that the property was decontrolled. The property was deemed by that office to be decontrolled throughout 1949. In that year, another representative of the Housing Expediter examined the premises and adhered to the view that it was decontrolled. Such evidence, if it stood alone, would scarcely justify the conclusion that there was a willful violation. However, the representative of the Housing Expediter who gave the initial opinion based upon the blueprints, when questioned with respect to the changes in fact later made, quite clearly disclaimed that they would accomplish decontrol. Although he could not recall the details of the blueprints, his recollection was that they encompassed structural changes of a character which were not in fact made and which would have required the removal of existing tenants, which in fact did not occur. In addition, after the controversy arose, defendant filed an affidavit with the Housing *347 Expediter stating that the sum of $17,106.90 was expended for the "conversion," whereas the testimony at the trial would justify the inference that but a fraction of that sum was expended. These latter circumstances, plus the failure to produce the blueprints, could indicate that defendant willfully did less than she initially proposed to do, and departed seriously from the representations upon which the opinion was given that decontrol would result.
In these curious circumstances, we agree that the issue of willful violation and failure to take practicable precautions was properly left to the jury.
However, we are disturbed by the admission of evidence that no permit was obtained from the Tenement House Commission to alter the existing units, that a permit would not have been granted if applied for, and that the construction of the two units in the basement violated the Tenement House Act. If a conversion occurred such as would operate to decontrol the property under the federal act, decontrol would have occurred whether or not the state Tenement House Act was violated and whether or not occupancy could have been prohibited by state authority. The federal act does not deny decontrol with respect to premises otherwise warranting that status, because of violations of local building or kindred regulations. Hence the questioned evidence was not relevant on the issue of decontrol.
Plaintiffs argue that violation of the state law is evidence of willful violation of the federal law. We do not find sufficient probative connection between the two. A failure to comply with the state law, even if it was willful, would not indicate that defendant was not endeavoring to decontrol the existing units under the federal law. As stated above, if she succeeded in accomplishing the conversion contemplated by the federal law, decontrol would have followed despite a violation of the Tenement House Act. If a violation of the state law does not preclude decontrol, it is difficult to hold that a violation of the state law evidences knowledge that decontrol was not accomplished.
*348 We think this error requires reversal. Evidence of extraneous violation of the state law is seriously prejudicial with respect to the jury's consideration of defendant's claim that the violation of the federal act was not willful.

IV
Since our determination will require a retrial at which the issue of admissibility of the general release executed by plaintiff, Giuliano, would doubtless again arise, we add that we agree with the trial court's ruling that the release does not constitute a defense. We need not consider whether a release given in bona fide compromise or settlement is effective to bar the statutory recovery. The testimony showed that no consideration was paid and that Giuliano signed the release to avoid dispossess under a judgment for possession obtained by defendant on the basis of a violation of the tenement house law. A release so obtained would accomplish a palpable evasion of the federal policy embodied in the statute and hence could not constitute a defense.
Judgment is reversed, without costs, for further proceedings in accordance with this opinion.