17 N.J. Super. 302 (1952)
86 A.2d 31
PAUL MARTIN, MICHAEL GIULIANO, FRANK PETRUCCI AND JEAN FRATELLO, PLAINTIFFS,
v.
JULIA MAZZIOTTI, DEFENDANT.
Superior Court of New Jersey, Essex County Court Law Division.
Decided January 23, 1952.
*303 Mr. Victor H. Miles, attorney for plaintiffs.
Mr. Charles Blume, attorney for defendant.
COLIE, J.S.C.
The plaintiffs, who were tenants of the defendant, filed suit in the Essex County Court to recover treble damages for alleged rent overcharges for the 12 months prior to the institution of suit on January 10, 1950. They instituted a second suit for treble damages for alleged overpayments that occurred after January 10, 1950, and up to the date of the institution of the second suit, on November 30, 1950. The first suit was tried and judgment entered against the defendant for treble damages. On appeal, the judgment was reversed. Martin v. Mazziotti, 14 N.J. Super. 340 (App. Div. 1951). After the reversal and when the cause had been remanded to the County Court, the plaintiff filed a notice of motion (1) for summary judgment in favor of *304 the plaintiffs for single damages in both suits and (2) to strike the defense of general release set up in the answer as to the plaintiff Giuliano. The defendant filed a notice of motion (1) for judgment for defendant on the count based on the alleged bonus payment by the tenant, Martin, and (2) for judgment for defendant on the count seeking recovery of bonus payment by the tenants, Giuliano and Petrucci. After argument on these motions, the court granted the tenants' motion for single damages in both suits and struck the defense of general release as to the plaintiff, Giuliano. The court denied defendant's motion for judgment on the Martin bonus count and granted the motions for judgments on the Giuliano and Petrucci counts.
Thereafter, the defendant served notice of motion for judgment in her favor on the suits for treble damages. The grounds of the motion were: (a) that the summary judgments in favor of the plaintiff for single damages constitute an election of remedies; (b) an estoppel against the plaintiffs from proceeding further with their cases; (c) that the payment of the summary judgments constitute an accord and satisfaction; (d) that the summary judgments are bars to further recovery by the plaintiffs as provided in section 205 of the Housing and Rent Act of 1947 as amended, 50 U.S.C.A. Appendix, § 1895.
The causes of action which the tenants assert in the two County Court actions mentioned in the opening paragraph hereof arise out of section 205 of the Housing and Rent Act of 1947 and can be maintained only by virtue of the creation of those causes of action by section 205. When the plaintiffs elected to proceed under section 205, they, of necessity, accepted that section in its entirety. The concluding sentence of section 205 reads as follows: "A judgment in an action under this section shall be a bar to a recovery under this section in any other action against the same defendant on account of any violation with respect to the same person prior to the institution of the action in which such judgment was rendered." This language is clear *305 and unambiguous and consequently there is no basis for an interpretation thereof by the court. The entry of judgment on plaintiffs' motion for single damages constitutes a bar to prosecution of the suits for treble damages covering periods prior to the institution of the actions for single damages.
Judgments will be entered in favor of the defendant and against the plaintiffs on the suits for treble damages.