34 N.J. Super. 576 (1955)
112 A.2d 801
ADELINE B. LINDQUIST, ANTHONY MERINO, WILLIAM McGILLIS, EDITH PUGH AND JOHN COUGHLIN, PLAINTIFFS,
v.
JOHN F. LEE, CITY CLERK OF THE CITY OF BAYONNE IN THE COUNTY OF HUDSON, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided January 28, 1955.
*577 Mr. Nicholas S. Schloeder argued the cause for the plaintiffs.
Mr. Alfred Brenner argued the cause for the defendant.
The opinion of the court was delivered by MARIANO, J.S.C.
Plaintiffs commenced this action in lieu of prerogative writ by reason of which they sought to set aside the action of the defendant declaring certain petitions to be insufficient. In addition thereto, they seek to have this court direct the defendant to call for a referendum election within the time as required by the Optional Municipal Charter Laws, N.J.S.A. 40:69A-1 et seq., as amended and supplemented.
Defendant filed answer. Subsequently, both plaintiffs and the defendant filed cross-motions for the entry of a summary judgment based upon the following agreed set of facts, there being no genuine issue with respect to the same.
According to the federal census of 1950 the population of the City of Bayonne was 77,230. The so-called petition contains a sufficient number of signers pursuant to N.J.S.A. 40:69A-185 which was obtained by circulators or solicitors. The petition was duly filed with the municipal clerk of Bayonne. The petition sought to have a referendum to determine the desirability of a change in the form of government in Bayonne, a municipal corporation.
Pursuant to N.J.S.A. 40:69A-187 the municipal clerk, as a result of his examination of the petition, notified the required number of members of the committee of petitioners of his objections, which were two in number, one of which has been abandoned. There remains the following objection:
"The names and addresses of five voters designated as the Committee of the Petitioners do not appear on each of the petition papers as required by law."
*578 Practically all of the signatures of registered voters were obtained by the circulators or solicitors on pieces of paper, and subsequent thereto, and not in the presence of the signers, were stapled to a sheet of paper, the upper part of which was in blank and the lower part of which contained the names and addresses of the five members designated as the committee of the petitioners and the affidavit of the circulators. (See exhibit introduced into evidence by agreement, but not marked by the court reporter.) When the registered voters signed the petition papers there did not appear thereon the names and addresses of the members designated as the committee of the petitioners, nor did there appear the affidavit of the circulator or solicitor.
By agreement of the parties the question presented for determination is the validity of the objectional features, notice of which was given by the municipal clerk to the required number of the committee of the petitioners.
The pertinent statute is N.J.S.A. 40:69A-186, which reads as follows:
"All petition papers circulated for the purposes of an initiative or referendum shall be uniform in size and style. Initiative petition papers shall contain the full text of the proposed ordinance. The signatures to initiative or referendum petitions need not all be appended to one paper, but to each separate petition there shall be attached a statement of the circulator thereof as provided by this section. Each signer of any such petition paper shall sign his name in ink or indelible pencil and shall indicate after his name his place of residence by street and number, or other description sufficient to identify the place. There shall appear on each petition paper the names and addresses of five voters, designated as the Committee of the Petitioners, who shall be regarded as responsible for the circulation and filing of the petition and for its possible withdrawal as hereinafter provided. Attached to each separate petition paper there shall be an affidavit of the circulator thereof that he, and he only, personally circulated the foregoing paper, that all the signatures appended thereto were made in his presence, and that he believes them to be the genuine signatures of the persons whose names they purport to be." (Italics mine.)
By reason of Chapter 69 of the Laws of 1954 the word "ordinance" is excluded.
*579 The objection advanced by the defendant is that when the voters signed the petition papers the names and addresses of the five members of the committee of the petitioners should have appeared thereon in accordance with the provisions of the above act.
From a reading of the statute, supra, it is to be observed that the same, inter alia, provides that the petition papers circulated for the purpose of a referendum shall be uniform in size and style; that each voter signing the same shall do so in ink or indelible pencil and shall indicate his address. Important to the matter sub judice, however, is the provision: "There shall appear on each petition paper the names and addresses of five voters, designated as the Committee of the Petitioners, who shall be regarded as responsible for the circulation and filing of the petition and for its possible withdrawal as hereinafter provided."
N.J.S.A. 40:69A-187 provides for an examination of the petition by the municipal clerk and upon his finding any defective feature or features he shall notify at least two members of the committee of the petitioners of his findings.
N.J.S.A. 40:69A-188 provides for the filing of an amended petition in an endeavor to cure the defects or insufficiencies found by the municipal clerk upon his examination.
The petition is composed of all the petition papers circulated by the various solicitors. N.J.S.A. 40:69A-187 provides that "All petition papers comprising an initiative or referendum petition shall be assembled and filed with the municipal clerk as one instrument."
It is apparent from a reading of the statute, particularly section 186, supra, that the names and addresses of the five voters, designated as the committee of the petitioners, must appear on each petition paper. The committee of five is, for all intentions and purposes, selected by the registered voters who do so at the time of their signing of the petition paper. The members of the committee become the representatives or agents of the signers of the petition paper and the statute imposes upon them solemn and important responsibilities, for instance, responsibility for the circulating *580 and filing of the petition papers and the possibility of withdrawal of the petition and the correction of any defective features or insufficiencies in the petition after notification thereof. It is logical and reasonable to assume that a person shall have the right to select his own agent or representative, especially when such vast power is given regarding a matter of such importance. The importance of this relationship is best manifest when one considers the possible refusal or failure of the agent or representative to file the petition papers. Would not the signers thereof have a right to institute a civil action in lieu of prerogative to compel the filing of the petition papers?
While it may be said that the subordinate purpose of the italicized portion of N.J.S.A. 40:69A-186, supra, lightens and simplifies the burdens of the municipal clerk, nevertheless the paramount and dominant purpose and apparent intent of the Legislature is to impose upon the members of the committee the all important functions enumerated therein. Of course the voter may confidently expect that the petition will be filed, yet the Legislature has very wisely, and in no uncertain terms, imposed the responsibility in this regard, leaving no room for doubt.
Plaintiffs contend that there is an absence of any express provision in N.J.S.A. 40:69A-186 as to when the names and addresses of the members of the committee of the petitioners shall appear on the petition papers. The statute reads: "* * * There shall appear on each petition paper the names and addresses of five voters, designated as the Committee of the Petitioners." The petition paper is the instrumentality upon which the circulator or solicitor obtains the signatures of the registered voters desiring to sign the same. The statute is unambiguous in this regard and the intent of the legislation is clear. The names and addresses of the members of the committee should have appeared on the petition paper at the time the signature of the registered voter was affixed thereto.
Under the statute it is the duty of a municipal clerk to pass upon the validity of the petition. Wright v. Lee, 125 *581 N.J.L. 256 (Sup. Ct. 1940). See also N.J.S.A. 40:69A-187.
"When the intention of the legislature is so apparent from the face of the statute that there can be no question as to its meaning, there is no room for construction."
"It is not allowable to interpret what has no need of interpretation." Sutherland (3d ed.), § 4702, p. 334.
There is no safer nor better settled canon of interpretation than that when language is clear and unambiguous it must be held to mean what it plainly expresses. Sutherland, supra.
It is an elementary proposition that courts only determine by construction the scope and intent of the law when the law is ambiguous or doubtful. Sutherland, supra, § 4702, p. 336.
Courts are enjoined to interpret and enforce the legislative will as written, and not according to some supposed unexpressed intention. Hoffman v. Hock, 8 N.J. 397, at page 409 (1952).
There is no basis for interpretation of clear and unambiguous language in statute by court. Martin v. Mazziotti. 17 N.J. Super. 302 (Co. Ct. 1952), affirmed 20 N.J. Super. 503 (App. Div. 1952), reversed on other grounds 11 N.J. 287 (1953).
It is the opinion of the court that the clear and unambiguous language of N.J.S.A. 40:69A-186 requires the appearance of the names and addresses of the five voters designated as the committee of the petitioners on the petition paper when the registered voter signs the same. The statute is interpreted to express the apparent will and purpose of the legislation.
Counsel for plaintiffs asserts that the wishes of a substantial number of the citizens of Bayonne will be frustrated by reason of any narrow or technical interpretation of the statute in question. The law is plain and within legislative power. It declares itself and nothing is left in doubt. It is binding upon the court as upon every citizen. The remedy does not lie in interpretation but in amendment or repeal.
*582 The court is not aware of any barrier, restraint or legislative injunction which would prevent, prohibit or deter the filing of a properly prepared petition seeking the desired referendum. Plainly, therefore, the wishes of the citizens referred to are not frustrated, for accomplishment of the desired referendum is not beyond their reach.
Defendant's motion for summary judgment is granted and plaintiff's motion is dismissed. The complaint in lieu of prerogative writ is dismissed.