HAMILTON TOWNSHIP TAXPAYERS' ASSOCIATION AND LOUIS MANCUSO, JOSEPH ROTUNDO, JOHN PAPPANO, JOHN I. PIERSON, JR., AND JOHN P. SOLTIS, COLLECTIVELY AS THE COMMITTEE OF PETITIONERS, PLAINTIFFS-APPEL-LANTS, v. THOMAS J. WARWICK, CLERK OF THE TOWNSHIP OF HAMILTON, CHRISTINA N. WILDER, DEPUTY CLERK OF THE TOWNSHIP OF HAMILTON, AND THE MAYOR AND COUNCIL OF THE TOWNSHIP OF HAMILTON, DEFEND-ANTS-RESPONDENTS, AND HAMILTON TOWNSHIP TEN-ANTS' ASSOCIATION, INTERVENOR-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued July 28, 1981—Decided August 12, 1981.

Before Judges KING, FRANCIS and FURMAN.

*H. Neil Broder* argued the cause for appellants (*Brach, Eichler, Rosenberg, Silver, Bernstein & Hammer,* attorneys).

*Lewis Goldshore* argued the cause for defendants-respondents (*Renee C. Ricciardelli*, Director, Department of Law, Township of Hamilton, attorney; *Marsha Wolf* of counsel; *Lewis Goldshore* and *Marsha Wolf*, on the brief).

*Dennis S. Brotman* argued the cause for intervenor-respondent (*Brotman & Felsenfeld*, attorneys).

The opinion of the court was delivered by

FURMAN, J. A. D.

This accelerated appeal is from summary judgment in a prerogative writ action in favor of defendants and intervenor. Plaintiffs challenged defendant Hamilton Township clerk's rescission of his prior certification of a petition signed by over 7,000 voters for a referendum on a rent control ordinance

adopted by defendants mayor and council, which would have become effective in the township on July 2, 1981 except for the referendum petition. In upholding the municipal clerk's rescission, Judge Levy granted ten additional days until August 3, 1981 for circulation and filing of a new referendum petition conforming to law. We granted a further stay pending this appeal.

*N.J.S.A.* 40:69A–186 provides:

> All petition papers circulated for the purposes of an initiative or referendum shall be uniform in size and style. Initiative petition papers shall contain the full text of the proposed ordinance. The signatures to initiative or referendum petitions need not all be appended to one paper, but to each separate petition there shall be attached a statement of the circulator thereof as provided by this section. Each signer of any such petition paper shall sign his name in ink or indelible pencil and shall indicate after his name his place of residence by street and number, or other description sufficient to identify the place. There shall appear on each petition paper the names and addresses of five voters, designated as the Committee of the Petitioners, who shall be regarded as responsible for the circulation and filing of the petition and for its possible withdrawal as hereinafter provided. Attached to each separate petition paper there shall be an affidavit of the circulator thereof that he, and he only, personally circulated the foregoing paper, that all the signatures appended thereto were made in his presence, and that he believes them to be the genuine signatures of the persons whose names they purport to be.

The township clerk determined the insufficiency of the referendum petition upon information that the separate petition sheets omitted the names and addresses of the five-member Committee of the Petitioners at the time the voters affixed their signatures, although the names and addresses of the Committee of the Petitioners appeared on each separate sheet at the time of filing with the township clerk. That omission was conceded factually before Judge Levy.

Two reported decisions have construed the provision of *N.J. S.A.* 40:69A–186 that the names and addresses of the Committee of the Petitioners "shall appear on each petition paper."

In *Lindquist v. Lee*, 34 *N.J.Super.* 576 (Law Div. 1955), a challenge to a declaration by the municipal clerk of the insufficiency of a referendum petition was rejected. The names and addresses of the Committee of the Petitioners did not appear on each separate petition sheet when it was circulated for signa-

tures. The petition sought a referendum under another section of the Faulkner Act, *N.J.S.A.* 40:69A–1 *et seq.*, for a change in the form of government. Judge Mariano concluded in *Lindquist* (at 581) that "the clear and unambiguous language of *N.J.S.A.* 40:69A–186 requires the appearance of the names and addresses of the five voters designated as the committee of the petitioners on the petition paper when the registered voter signs the same."

The Supreme Court in *Pappas v. Malone*, 36 *N.J.* 1, 5 (1961), expresses its disagreement with *Lindquist*, but on an issue not relevant to the appeal before us. *Pappas*, like *Lindquist*, was not an action to review the validity of a petition for a referendum on repeal of an ordinance, as the present action is, but an action to set aside a declaration of the insufficiency of a petition for a referendum under *N.J.S.A.* 40:69A–25 for approval or rejection of a reversion to the immediately prior form of government.

The Supreme Court notes in *Pappas* that there is no cross-reference in *N.J.S.A.* 40:69A–25 to the requirements of form for referendum petitions set out in *N.J.S.A.* 40:69A–186. By contrast *N.J.S.A.* 40:69A–1, providing for a referendum on election of a charter commission, and *N.J.S.A.* 40:69A–19, providing for a referendum on adoption of a Faulkner Act form of government, but incorporate by cross-reference the requirements of form in § 186. Thus, the inclusion of the names and addresses of a Committee of the Petitioners is not required under § 25 as a matter of form, unless a legislative oversight is presumed. The Supreme Court concluded that it need not determine whether there was such legislative oversight, because the requirement that the names and addresses of the Committee of Petitioners appear on each separate petition sheet is a matter of substance and not of form and, accordingly, inapplicable to referendum petitions under §§ 1, 19 and 25. That holding is reached in view of the Committee's substantive authority under § 186 to withdraw a petition, which has no counterpart under §§ 1, 19 or 25.

Nothing in the *per curiam* majority opinion nor in Justice Hall's dissenting opinion in *Pappas* overrules or questions the

conclusion of *Lindquist* that under § 186 the names and address-es of the Committee of the Petitioners must be affixed to each separate petition sheet when circulated and signed.

We agree with the conclusion of *Lindquist* in construing § 186. Referring to the responsibility of the Committee of the Petition-ers to circulate, file and possibly withdraw a referendum peti-tion as agents for the signers, Judge Mariano reasoned that it was "logical and reasonable" that the signers have the right to select their own agents, to whom they may look for redress if their petition is not filed.

■ The evident legislative purpose of the requirement im-posed in *Lindquist* and in the judgment on appeal before us is to inform voters, who are solicited for their signatures, who the sponsors of the petition are and where they live, not only to enable the voters to charge the sponsors with responsibility as agents but to guide the voters whether to sign. The prospective signatories may draw on their own knowledge and make inquir-ies concerning the sponsors' political affiliations, financial inter-ests, standing in the community and reliability, if they know the sponsors' identities.

Plaintiffs argue that the legislative purpose is, to the con-trary, solely to assist the municipal clerk in carrying out his administrative duties. But, if that were so, one listing of the names and addresses of the Committee of the Petitioners on the referendum petition would be sufficient and the requirement that such listing appear on every separate petition sheet would be unnecessary and burdensome.

■ We conclude that, in order for the signatures to a refer-endum petition under § 186 to be valid, they must be affixed at a time when the petition is complete in all its substantive provisions, including the listing of the names and addresses of the Committee of the Petitioners.

■ Plaintiffs raise the additional argument that the town-ship clerk lacked authority to rescind his prior certification of

the referendum petition, because his certification set in motion a legislative timetable for submission of the petition to the township council without delay, for suspension of the ordinance, and for submission of the referendum to the voters if the township council failed to repeal the ordinance within sixty days.

That argument is specious. Assuming the insufficiency of the petition, it is immaterial whether the insufficiency was declared by the township council or by the township clerk. The particular insufficiency in this case was disclosed later and was not evident on the face of the petition papers as filed.

We affirm the judgment below for all the reasons set forth herein. We grant an additional ten days from the date of their decision within which a new petition for a referendum on the rent control ordinance may be signed and filed. We order that the rent control ordinance remain suspended until the expiration of the additional ten days.