### RAUER et al. v. WEXLER et al.
### MULLIN et al. v. SAME.
### Nos. 9498, 9499.

Circuit Court of Appeals, Third Circuit.

Argued Feb. 17, 1948.

Decided April 21, 1948.

Grace Cohn and Conrad G. Moffett, both of Philadelphia, Pa. (E. D. Dupree, Jr., Asst. Gen. Counsel, Hugo V. Prucha, Chief, Litigation Unit, and Nathan Siegel, Sp. Appellate Atty., Office of Housing Expediter, all of Washington, D. C., on the brief), for appellants.

Alexander S. Lipschutz, of Philadelphia, Pa., for appellees.

Before McLAUGHLIN, O'CONNELL, and KALODNER, Circuit Judges.

McLAUGHLIN, Circuit Judge.

These appeals involve two suits by tenants against a landlord under the Emergency Price Control Act as amended[1] for alleged violation of the Rent Regulation for Housing as amended.[2] The only real question in the cases is whether the one year limitation provision of the Price Control Act[3] runs from the date of the landlord's failure to obey the readjusting rent reduction order or from the dates when the rent was collected. The lower Court held that the limitation period began from the dates of payment of the rentals. Plaintiffs appeal from the consequent judgments.

Admittedly appellees' housing accommodations are under the Rent Regulations which became effective July 1, 1942, and which established March 1, 1942, as the maximum rent date. On January 27, 1943, appellees rented one of their apartments to appellant Rauer. On September 20, 1943, they rented another apartment to appellants Mullin and Childers. Both rentals were for one year and at a rate of $50 a month. The rentals of those apartments were not registered within thirty days of renting as required by Section 4(e)[4] and

---

[1] Emergency Price Control Act of 1942, as amended, 56 Stat. 23, 50 U.S.C.A. Appendix, § 901 et seq.

[2] 8 F.R. 7322.

[3] Section 205(e) Emergency Price Control Act, as amended, 50 U.S.C.A.Appendix, § 925(e).

[4] Section 4 covers Maximum Rents and under it 4(e) reads:

"(e) First rent after effective date. For (1) newly constructed housing accommodations without priority rating first rented on or after the effective date of regulation, or (2) housing accommodations changed on or after such effective date so as to result in an increase or decrease of the number of dwelling units in such housing accommodations, or (3) housing accommodations not rented at any time during the two months ending on the maximum rent date nor between that date and the effective date, the first rent for such accommodations after the change or the effective date, as the case may be, but in no event more than the maximum rent provided for such accommodations by any order of the Administrator issued prior to September 22, 1942. Within 30 days after so renting, the landlord shall register the accommodations as provided in section 7. The Administrator may order a decrease in the maximum rent as provided in section 5(c).

"If the landlord fails to file a registration statement within the time specified, the rent received for any rental period commencing on or after the date of the first renting or October 1, 1943, or the effective date of regulation, whichever is the later, shall be received subject to refund to the tenant of any amount in excess of the maximum rent which may later be fixed by an order under section 5(c) (1).

"In such case, the order under section 5(c) (1) shall be effective to decrease the maximum rent from the date of such first renting or from the beginning of the first rental period on or after October 1, 1943, or the effective date of regulation, whichever is the later. The foregoing provisions and any refund thereunder do not affect any civil or criminal liability provided by the act for failure to file the

Section 7 of the Regulation.[5] After the Area Rent Director learned of this, having given proper notice to the landlord under Section 5(e) (1) of the Regulation, and having considered the matter, he issued orders reducing the Rauer and Mullin rents to $37.50 a month "effective October 1, 1943." Those orders, dated December 28, 1944, provided that all excess rent since October 1, 1943, "is subject to refund to the tenant." There was further notice in the order that upon failure to refund the excess rent within thirty days from the date of the order the excess payments would be considered an overcharge within 205(e) of the Price Control Act, subjecting the landlord to a damage action in accordance with that section. Appellees refused to comply with the refund order and separate actions were started against them by appellants. Rauer alleged occupancy from January 27, 1943, until December 28, 1944, at a $50 a month rental. He asked for a refund of the overcharges of $12.50 a month amounting to $187.50 and for statutory damages under Section 205(e). The Mullins' claim was for overcharges from September 20, 1943, to April 17, 1944, and for statutory damages.

The lower Court holding that the statute of limitations ran from the time the rent was collected awarded Rauer $50 representing double the amount of the two monthly overcharges which were not barred by the statute under the court's interpretation thereof. In the Mullins' suit the holding was that the entire claim was barred by the statute.

■ The exact point in controversy has now been decided by the United States Supreme Court in Woods v. Stone, 68 S.Ct. 624. In that case, as here, the question was, "When do excessive collections by the landlord begin to enjoy the shelter of the statute of limitations?" The landlord there, like the landlord in the matter before us, contended that the statute ran from the date of each collection of rental. The Court by Mr. Justice Jackson held at page 626 of 68 S.Ct.:

"We cannot sustain his contention. The statute and regulations made his rentals tentative but not unlawful. Until the contingency of readjustment occurred, the tenant could have had no cause of action for recovery of any part of the rental exacted by the landlord. The cause of action now does not rest upon, and hence cannot date from, mere collection. The duty to refund was created and measured by the refund order and was not breached until that order was disobeyed. It would be unusual, to say the least, if a statutory scheme were to be construed to include a period during which an action could not be commenced as a part of the time within which it would become barred. United States v. Wurts, 303 U.S. 414, 58 S.Ct. 637, 82 L.Ed. 932. We think no such result was expressed or intended. It was from the violation which occurred when the order was not obeyed within the required time that the statute of limitations commenced to run."

■ Regarding the objection that the refund order applies to the landlord retroactively, the Court found the suggestion without merit, saying at page 627 of 68 S. Ct.:

"This is not the case of a new law reaching backwards to make payments illegal that were free of infirmity when made. By legislation and regulation in force before the collections were made, the landlord's own default in registering had rendered these payments conditional, subject to revision and to refund. Readjustment under these conditions cannot be said to be retroactive law making."

registration statement required by section 7."

[5] Section 7 has to do with registration of housing accommodations and under it 7 (a) reads:

"Registration statement. On or before the date specified in Schedule A of this regulation, or within 30 days after the property is first rented, or offered for rent, every landlord of housing accommodations rented or offered for rent shall file in triplicate a written statement on the form provided therefor to be known as a registration statement. The statement shall identify each dwelling unit and specify the maximum rent provided by the regulation for such dwelling unit and shall contain such other information as the Administrator shall require."

The holding of the Supreme Court in the Woods opinion is dispositive of the issue before us and contrary to the decision of the court below. The judgments of the District Court will be reversed and the causes remanded for further proceedings not inconsistent with this opinion.