**WOODS, Housing Expediter v. KERN et al.**

**Civ. No. 9446.**

United States District Court
E. D. Pennsylvania.

July 20, 1949.

Joseph J. Strassman, Office of the Housing Expediter, Philadelphia, Pa., for plaintiff.

John W. Biehl, Reading, Pa., for defendants.

GANEY, District Judge.

This case arises upon the Housing Expediter's motion for summary judgment in an action brought by him on March 4, 1949 pursuant to the Housing and Rent Act of 1947, as amended.[1] In his prayer for relief, he asks that the defendants (1) be required to make restitution to their former tenant in the sum of $105 or to pay that amount into the Treasury of the United States; and (2) be enjoined from demanding or accepting in the future rents in excess of the maximum legal rents. Defendants contend that this court lacks jurisdiction to entertain any phase of the action because the amount in controversy does not exceed $3,000.

For six consecutive months beginning with December of 1947, the defendants requested and accepted $45 a month from a tenant for a housing accommodation situated in the Lancaster-York-Reading Defense Rental Area. On October 19, 1948, the rent director for that area issued an order decreasing the maximum rent of the housing accommodation from $45 to $27 a month effective retroactively to December of 1947. The order also directed the defendants to refund $105, representing the sum of the overcharges, to the tenant within thirty days of the date of the order. Although they received prompt notice of the order, the defendants have failed to refund the $105 to their former tenant. On

1. Act of June 30, 1947, c. 163, Title II, Sec. 201 et seq., 61 Stat. 196–201, as amended by the Act of February 27, 1948, and March 30, 1948, 50 U.S.C.A. Appendix, § 1891 et seq.

November 16, 1948, they sold the housing accommodation here involved.

■ The Housing and Rent Act of 1947, as amended, does not confer jurisdiction upon the Federal Courts; and had the former tenant brought this action, this court would be without jurisdiction to entertain it. Fields v. Washington, 3 Cir., 1949, 173 F.2d 701. For statutory authority of this court to entertain any phase of the action, we must look elsewhere.

■ Section 1355 of Title 28 U.S.C.A. provides: "The district courts shall have original jurisdiction * * * of any action or proceeding for the recovery or enforcement of any * * * penalty * * * incurred under any Act of Congress." As far as the Expediter seeks to require the defendants to pay the overcharges into the Treasury of the United States, the action is one to recover or enforce a penalty: Porter v. Montgomery, 3 Cir., 1947, 163 F.2d 211 [2]; and we have jurisdiction of that phase of the action, at least, even though the amount in controversy, exclusive of interest and cost, does not exceed $3,000. See Fields v. Washington, supra, 173 F.2d 703. The injunctive relief prayed for is but incidental to the recovery and enforcement of the penalty.

■ The above requested relief is only an alternative remedy sought by the Expediter. His primary request is that the sum of the overcharges be paid to the former tenant. An action for such purpose is not one to recover a penalty: Porter v. Montgomery, supra; and Sec. 1355 of Title 28 U.S.C.A. would be unavailable to confer jurisdiction on this court. The same must be said for Sec. 1345. That section provides: "Except as otherwise provided by Act of Congress, the district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States, or by any agency or officer thereof expressly authorized to sue by Act of Congress." The act which expressly authorizes the Expediter to sue is Sec. 206(b) of the Housing and Rent Act of 1947, as amended, 50 U.S.C.A.Appendix, § 1896(b). That section in part stated: "(b) Whenever in the judgment of the Housing Expediter any person has engaged or is about to engage in any act of practice which constitutes or will constitute a violation of any provision of this title, he may make application to any Federal, State or Territorial court of competent jurisdiction, for an order enjoining such act or practice, or for an order enforcing compliance with such provision * * *." Thus as a condition precedent to the Expediter's seeking the aid of a court, the latter must be one of competent jurisdiction. As for the Federal district courts, this will occur when the factual situation is such as will permit the application of sections 1331 [3], 1332 [4] or 1355 of Title 28, U.S.C.A. Of course it does not follow that just because the court has jurisdiction over the action that it has authority to grant [5] or will grant the relief requested. But this is beside the point; the statutory amount not being involved in this action, we are without jurisdiction to direct the defendants to make restitution to their former tenant.

Accordingly, with the exception of the last discussed requested relief, the motion for summary judgment will be allowed upon the submission of an order to this court by the Housing Expediter.

---

2. This case was decided under the Emergency Price Control Act of 1942, as amended, 50 U.S.C.A.Appendix, § 901 et seq. Nevertheless, its holding and reasoning apply with equal force to the Housing and Rent Act of 1947, as amended.

3. Concerning a federal question and requisite amount in controversy.

4. Involving diversity of citizenship and requisite amount in controversy.

5. See Sec. 204(a) of the Housing and Rent Act of 1949 which amended Sec. 205 of the Act of 1947, as amended, 50 U.S.C.A. Appendix, § 1895.