**UNITED STATES v. HELLER.**

Civ. A. No. 9635.

United States District Court
E. D. Pennsylvania.

Oct. 10, 1949.

Albert C. Osofsky, Office of the Housing Expediter, Upper Darby, Pa., for plaintiff.

John Pemberton Jordan, Philadelphia, Pa., Melvin Alan Bank, Philadelphia, Pa., for defendant.

WELSH, District Judge.

The United States instituted this action against the defendant, a landlord, under Sections 205 and 206(b) of the Housing and Rent Act of 1947, as amended, 50 U.S.C.A.Appendix, §§ 1881–1902.

The complaint charges total rent overcharges of $262.50 on the part of the defendant and seeks in its prayer for relief (1) that the defendant be enjoined from violating the Housing and Rent Act in the future; (2) that judgment be entered in favor of the plaintiff for three times the amount of the overcharges; but if restitution to the tenants be ordered in accordance with (3) below that judgment be entered in favor of the plaintiff for three times the amount of the overcharges less the amount of the restitution; (3) that defendant be ordered and directed to pay to the Treasurer of the United States for and on behalf of the tenant, Mrs. Jesse Morgan, in the amount of the alleged overcharges of $200 and for and on behalf of tenant, Frank Barber, in the amount of the alleged overcharges of $62.50 as restitution.

The motion of the defendant presently before the Court is for a dismissal of the complaint on the ground that the Court is without jurisdiction to entertain the action as the amount in controversy does not exceed $3,000, exclusive of interest and costs.

1. Section 205 of the Housing and Rent Act of 1947 authorizes the United States to bring suit for treble damages in any "Federal * * * court of competent jurisdiction". In discussing said Section 205 the United States Court of Appeals for the Third Circuit in Fields v. Washington, 173 F.2d 701, held that the Housing and Rent Act of 1947 contains no general grant of jurisdiction to Federal courts and that the competency of a Federal district court to entertain a suit under the Act must be based upon some other statutory grant of jurisdiction over the subject matter and the parties. As Section 206(b) of the Act confers upon the Housing Expediter the right to seek injunctive relief in a "Federal * * * court of competent jurisdiction",

there can be no doubt that the United States Court of Appeals also intended to make its holding applicable to said Section 206(b).

 2. We think it clear that with respect to the injunction and treble damages prayed for the present suit is one "brought by the United States for the recovery or enforcement of a penalty" under an Act of Congress and is cognizable under Sections 1345 and 1355 of Title 28 U.S.C.A. Section 1345 provides: "Except as otherwise provided by Act of Congress, the district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States, or by any agency or officer thereof expressly authorized to sue by Act of Congress."[1] Section 1355 provides: "The district courts shall have original jurisdiction, exclusive of the courts of the States, of any action or proceeding for the recovery or enforcement of any fine, penalty, or forfeiture, pecuniary or otherwise, incurred under any Act of Congress."

3. The defendant argues that the prayer of the complaint relating to restitution to the tenants of the overcharges does not constitute an action for the recovery or enforcement of a penalty and as the amount in controversy does not exceed $3,000 the Court is without jurisdiction. Woods v. Kern, D.C., 87 F.Supp. 383, filed July 20, 1949. In the latter case it was stated: "His primary request is that the sum of the overcharges be paid to the former tenant. An action for such purpose is not one to recover a penalty: Porter v. Montgomery, supra [3 Cir., 163 F.2d 211]; and Sec. 1355 of Title 28, U.S.C., would be unavailable to confer jurisdiction on this court." The argument of the defendant is not well taken for Woods v. Kern, supra, and the present case are distinguishable. It will be seen from an examination of the complaint herein that the primary purposes of the United States in bringing the present action is to enjoin the defendant from committing fu-

ture rent violations and to assess treble damages upon him for past rent violations. An incidental purpose in bringing the action is to have refunded to the tenants the amount of the rentals in excess of the maximum legal rent. Certainly, this Court has the equitable power to grant the incidental relief prayed for, particularly, in view of the fact it has already been shown that it has jurisdiction in all other respects.

4. Accordingly, defendant's motion to dismiss the complaint is denied. An order in conformity with the foregoing opinion will be presented.

---

1. As the Housing and Rent Act of 1947 authorizes the United States to bring suits in a Federal district court only if it is one of "competent jurisdiction", to confer jurisdiction upon a Federal district court under Sec. 1345 the facts of a particular case must be such as to permit the application of Sections 1331, 1332 or 1355 of Title 28 U.S.C.A. The facts of the instant complaint permit the application of Section 1355.