**WOODS v. TAYLOR.**

Civ. No. 526.

United States District Court
E. D. Tennessee, N. E. D.

Nov. 3, 1949.

John W. Crenshaw, Chief, Regional Rent Litigation Section, and Philip F. Monica, Litigation Attorney, Atlanta, Georgia, for plaintiff.

Dodson & Dodson, Kingsport, Tennessee, for defendant.

DARR, District Judge.

For consideration is the plaintiff's motion for summary judgment under Rule 56, Federal Rules of Civil Procedure, 28 U.S. C.A.

The plaintiff brings this action to recover of the defendant amounts paid in excess of the established maximum rentals on a housing accommodation located at 1706 Park Street, Kingsport, Tennessee, under section 203 of the Housing and Rent Act of 1948, 50 U.S.C.A.Appendix, §§ 1881–1902, Public Law 464, 80th Congress, 2d Session, 62 Stat. 93.

The complaint specifies the amount of the excess and the periods of time covered thereby and names the tenant of the property from whom such excess was collected by the defendant.

The defendant answered, denying in general terms the collection of excess rentals and the other facts pertaining to the excess collections. The denials are not accompanied by any statement of facts in explanation, or otherwise, and are not under oath.

The defendant's answer was filed on May 2, 1949, and on May 11, 1949, the plaintiff served on the defendant, pursuant to Rule 36 of the Federal Rules of Civil Procedure, requests for admissions covering the entire statement of facts material to the plaintiff's claim. No replies were made by the defendant to these requests.

On June 8, 1949, the plaintiff moved for summary judgment. The motion was called for hearing on September 22, 1949, and it was agreed to submit it on briefs. The plaintiff was allowed two weeks within which to file brief and the defendant a like time thereafter to reply. The plaintiff filed his brief on October 5, 1949, and no brief has been filed by the defendant.

While it is true that trial judges should exercise great care in granting motions for summary judgment, Doehler Metal Furniture Co. v. United States, 2 Cir., 149 F.2d 130, Rule 56 should be enforced in order to avoid delays in the trial of cases where the rule is applicable; and flimsy or transparent charges or allegations are insufficient to sustain a justiciable controversy requiring submission thereof for trial. Schreffler et al. v. Bowles, 10 Cir., 153 F.2d 1. Even where answers were made under oath pursuant to requests for admissions, but unresponsive, summary judgment was considered appropriate. Batson v. Porter, 4 Cir., 154 F.2d 566.

While the defendant has made formal denials in his unverified answer of the facts involved, it is the rule that mere denials unaccompanied by any facts which would be admissible in evidence at a hearing are insufficient to raise a genuine issue of fact; and a summary judgment may be awarded. Piantadosi v. Loew's, Inc., 9 Cir., 137 F.2d 534. Particularly is this true in this case as the essential facts are admitted

by the failure of the defendant to answer the requests for admissions. Rule 36, Federal Rules Civil Procedure.

The defendant in his answer alleges that the action is barred by the statute of limitations of one year and that Tighe E. Woods, the Expediter, is not authorized to maintain this suit.

 The limitation of one year found in the Act, which is in favor of persons seeking relief on their own behalf, is similar to the pertinent provisions of the Emergency Price Control Act of 1942, 50 U.S.C.A. Appendix, § 901 et seq., under which the courts have held that the one year limitation is not a bar to a suit by or on behalf of the United States. Blood v. Fleming, 10 Cir., 161 F.2d 292; Creedon v. Randolph, 5 Cir., 165 F.2d 918; Porter v. Warner Holding Co., 328 U.S. 395, 66 S.Ct. 1086, 90 L.Ed. 1332.

The plaintiff, Tighe E. Woods, Housing Expediter, is expressly authorized to maintain such an action by the provisions of the Act; and the Act of June 30, 1947, was extended to March 31, 1949, by the Housing and Rent Act of 1948 (S. 2182) March 30, 1948, Chapter 161, Public Law 464, 80th Congress, 2d Session, 62 Stat. 93.

The motion for summary judgment is allowed.