JAMES M. CARTER, United States District Judge.

**UNITED STATES v. NATALE.**

Civ. No. 2985.

United States District Court
D. Connecticut.

Nov. 13, 1950.

Edmund M. Sweeney, Acting Chief, Boston, Mass., for plaintiff.

Slavitt & Connery, Donald H. McGannon, South Norwalk, Conn., for defendant.

HINCKS, Chief Judge.

■ This action is brought by the Housing Expediter under the Housing and Rent Act of 1947, as amended, 50 U.S.C.A. Appendix, § 1881 et seq., for injunctive relief, damages and restitution for alleged violation of the Act by defendant, and is here on plaintiff's motion for summary judgment under Fed.Rules Civ.Proc. Rule 56, 28 U.S.C.A. In answer to the complaint defendant has denied all of the material facts alleged by the plaintiff, but in response to plaintiff's request for admissions, pursuant to Rule 36, 28 U.S. C.A., defendant has in effect admitted substantially all of these same allegations either directly by admission or indirectly by failing either to deny or object to the requests not specifically admitted. Rule 36 itself makes it clear that all matter in requested admissions is deemed admitted unless the party specifically denies, sets forth why he cannot admit or deny, or files a written objection. Smyth v. Kaufman, 2 Cir., 114 F.2d 40, 130 A.L.R. 951; 4 Moore's Federal Practice Par. 36.05.

■ There is no dispute, therefore, as to the following facts from plaintiff's request for admissions on which plaintiff bases his claim: the Rent Director for the Bridgeport Defense-Rental Area issued an order on February 2, 1950, decreasing the maximum rent for the second floor apartment, 9 School Street, Norwalk, Connecticut, from $25 per week to $8 per week. The order stated that it was effective from April 1, 1949. The order stated that any rent collected from the effective date of the order in excess of the amount provided in the order shall be refunded to the tenant within thirty days from the date the order is issued unless the refund is stayed in accordance with the provisions of Rent Procedural Regulations. The refund was not so stayed. From April 1, 1949 to August 5, 1949, the defendant received from Lillie Downing as rent for the said second floor apartment $25 each week, and from September 16, 1949 to February 10, 1950 $25 a week from Bertha Cullen as rent for the apartment. The defendant has not refunded to either tenant the amount collected in excess of the $8 weekly rent established by the order of February 2, 1950. Neither tenant has instituted civil action against the defendant under Sec. 205 of the Housing and Rent Act of 1947, as amended. These facts show a violation of the Act in the failure of the defendant to refund, pursuant to the order of February 2, 1950, the overcharge of $289 to Lillie Downing and $357 to Bertha Cullen. Woods v. Stone, 333 U.S. 472, 68 S.Ct. 624, 92 L.Ed. 815. Plaintiff is accordingly entitled to summary judgment. Woods v. Taylor, D.C., 9 F.R.D. 537.

■ Plaintiff demands judgment for treble damages of $1,938 pursuant to Sec. 205 of the Act, or in the alternative for $1,292, which is twice the overcharge, should restitution to the tenants of the $646 overcharge be ordered pursuant to Sec. 206(b). Plaintiff further prays for an injunction under Sec. 206(b) enjoining the

defendant from charging over the maximum rent for the premises involved here or any other controlled premises, and enjoining defendant from in any manner violating the Act. It is clear that treble damages under Sec. 205 is mandatory here if the defendant has not established that his action was neither willful nor the result of a failure to take practicable precautions against the occurrence of a violation. Small v. Schultz, 7 Cir., 173 F.2d 940. It is equally clear that restitution and an injunction, in the discretion of the court, may be ordered under Sec. 206(b) which is the counterpart of Sec. 205(a) of The Emergency Price Control Act of 1942. Porter v. Warner Holding Co., 328 U.S. 395, 66 S.Ct. 1086, 90 L.Ed. 1332.

The defendant here has not intimated in any way that his refusal to refund the overcharge was not willful. He has not alleged this in his answer nor asserted it by way of affidavit. And there is no mention of it by way of brief for none has been filed by the defendant though this court did order briefs to be filed when it was stipulated that the motion be submitted on briefs. Therefore the conclusion is apparent that there is no fact-dispute even as to damages. Judgment for the plaintiff for treble damages under Sec. 205 in the amount of $1,938 must accordingly be entered. And under the circumstances it is proper to order, and it is so ordered, that out of this sum the amount of the overcharges be paid to the tenants by way of restitution. Woods v. Witzke, 6 Cir., 174 F.2d 855; United States v. Heller, D.C., 87 F.Supp. 385.

The injunctive relief asked for by the government is broader than the facts of the case warrant. It has not been shown that the defendant owns controlled housing other than the premises involved here, nor does it appear that defendant is likely to violate the Act again as concerns these premises. The violation was a failure to comply with a refund order which retroactively reduced the maximum rent and not a knowing overcharge of rent. From all that appears defendant has not charged over the maximum rent since a few days after the order of February 2, 1950. In view of these facts an injunction here seems unnecessary.

It Is Accordingly Ordered that plaintiff's motion for judgment be granted. The plaintiff may submit an appropriate decree for entry.