## UNITED STATES v. NATALE.
Civ. No. 2985.

United States District Court
D. Connecticut.
Jan. 2, 1951.

Roy M. Fitzmorris and Edmund M. Sweeney, Boston, Mass., for plaintiff.

Donald H. McGannon, South Norwalk, Conn., for defendant.

HINCKS, Chief Judge.

■ A memorandum and order granting plaintiff's motion for summary judgment was filed November 13, 1950, 99 F.Supp. 102 and judgment for treble damages entered on November 15, 1950. Subsequently defendant moved to reopen the judgment and has filed a brief and affidavit in support of that motion. Defendant contends in substance that the treble damage provision of Sec. 205 of the Housing and Rent Act of 1947, as amended, 50 U.S.C.A.Appendix, § 1895, should not apply here because the applicability of the Act to the premises was not clear and the overcharges in rent were made in ignorance of the fact that they were violations of the Act. And this is the substance of the affidavit—that the overcharges were not willful. But this argument misconstrues the nature of the violation here for which the treble damages were assessed. The essence of the violation was the failure to comply with the refund order and not the exaction of rent which subsequently was shown to be an overcharge when the maximum rent was retroactively established. Nothing that the defendant now says tends to negative the willfulness of this violation; reference is made to the "extremely limited and poor financial condition of the defendant" but there is no assertion that the defendant was unable to comply. On the contrary, so far as appears, the defendant possessed the premises involved out of which he could have made the refund. Yet over ten months have passed without any apparent attempt to satisfy this obligation. The burden is on the defendant to establish that the violation was not willful, and to resist summary judgment for treble damages the issue must at least be raised. This has not been done here, and as indicated in my Memorandum of November 13, 1950, treble damages are therefore mandatory.

■ That the failure to refund the overcharge here is a violation encompassed by Sec. 205 of the Act is clear from Woods v. Stone, 333 U.S. 472, 68 S.Ct. 624, 627, 92 L.Ed. 815, and Small v. Schultz, 7 Cir., 173 F.2d 940. In the Woods case a failure to refund was held to be a violation of a maximum rent order under Sec. 205(e) of the Emergency Price Control Act of 1942, as amended, 50 U.S.C.A.Appendix, * § 925(e) and the court said: "The command to refund cannot be treated as a thing apart, but must be taken * * * as an integral and necessary part of the order fixing the maximum rent." The counterpart of this section is Sec. 205 of the Housing and Rent Act of 1947, as amended, and while the wording is different the meaning is substantially the same. Charging over the maximum rent is the conduct penalized in both, and a holding that a failure to refund as ordered gives rise to an action under Sec. 205(e) is equally applicable in respect to Sec. 205. Refusing to refund an overcharge is not measurably different from receiving and accepting it in the first instance.

In the Small case it was decided that a violation of a regulation prohibiting a sale of furniture as a condition of renting, Reg. 825.8(b), 14 F.R. 5721, brought the defendant under the provisions of Sec. 205. Similarly here there was a violation of Reg. 825.4, 14 F.R. 5714, which prescribes the refund, and defendant must be held to be subject to Sec. 205. And see Reg. 825.9(a) which provides that persons violating the regulations described are subject to treble damage suits as provided by the Act.

Accordingly it is ordered that defendant's motion be denied and the judgment entered November 15, 1950, be given effect. The Clerk may issue execution on request.