Harold H. Elfenbein, Plaintiff-Appellee, v. Dionysios Giannakas, also Known as Dennis Ginnakis, Defendant-Appellant.

Gen. No. 46,004.

Opinion filed May 28, 1953. Released for publication June 24, 1953.

FREEMAN & LIEBLING, of Chicago, for appellant; NORMAN R. LIEBLING, of Chicago, of counsel.

GEORGE L. TURNER, of Chicago, for appellee.

MR. JUSTICE KILEY delivered the opinion of the court.
This is a forcible detainer action for possession of the second apartment at 4414 N. Malden Street, Chicago. Defendant filed a "special appearance." The court

without a jury found for plaintiff and entered judgment accordingly. Defendant has appealed.

This court dispensed with the furnishing of an abstract (Rule 6, Illinois Appellate Court Rules) and took the case on the record. There is no report of proceedings in the record and no "condensed statement" (Rule 1 (b), Illinois Appellate Court Rules) but the plaintiff agrees that the statement of the case in defendant's brief is substantially correct.

May 13, 1952 a certificate of eviction issued to plaintiff. Defendant appealed from this order of the Rent Stabilization Office to the Rent Director, Office of Rent Stabilization and the appeal was denied July 31, 1952. This suit was filed August 5, 1952. August 30, 1952 defendant filed a complaint in the United States Emergency Court of Appeals attacking the certificate of eviction. This fact was argued by defendant at the trial court in support of his claim that the trial court was without jurisdiction to proceed with the forcible detainer action by virtue of Sec. 26, Rent Procedural Regulation 2 of November 21, 1951 and Rent Procedural Regulation 3 of July 1, 1952. The trial court rejected defendant's contentions and entered judgment for plaintiff.

 We need not consider whether defendant's "special appearance" was deficient and for that reason properly considered a general appearance giving the court jurisdiction. The lack of jurisdiction claimed by the defendant rests on the theory that the jurisdiction of the trial court is suspended while the appeal from the order of the Rent Director is pending.

 Since there is no report of proceedings before us, the argument of defendant in the trial court is not before us, neither is there a motion or other pleading in support of which the argument was made. Defendant contends this court should take judicial notice of the Rent Procedural Regulations which form the

basis of his contention in this court. Plaintiff does not oppose the contention and this court has held that it takes judicial notice of Rent Regulations for housing issued under the Federal Act which are reported in the Federal Register. *222 East Chestnut Street Corp. v. Murphy*, 325 Ill. App. 392.

Plaintiff does not claim that the Rent Procedural Regulations relied on by defendant were not in effect at the time of the trial. Sec. 26, Rent Procedural Regulation 2 of November 21, 1951 provides that where a tenant duly appeals from an order of eviction the certificate shall be stayed until 10 days after the appeal is determined. Sec. 26 (b), Rent Procedural Regulation 3 of July 1, 1952 provides that where a tenant files a complaint in the United States Emergency Court of Appeals against an order issuing a certificate of eviction the certificate shall be deemed suspended for 30 days following the entry of the final judgment in that court and if a petition for certiorari is filed in the U. S. Supreme Court shall be then suspended until ultimate disposition of the proceeding.

Plaintiff made no claim that the local appeal was not duly filed, nor that the complaint in the United States Emergency Court of Appeals was not in accordance with law. He admits that his action was begun within 10 days of the determination of the appeal by the Rent Director and that when judgment was entered September 5, 1952, defendant's complaint had been filed in the United States Emergency Court of Appeals.

 The Regulation of November, 1951 specified a 20-day limit for appealing to the Rent Director from the order of the office of Rent Stabilization. No limitation appears in the November, 1951 Regulation with respect to appeals from the decision of the Rent Director to the United States Emergency Court of Appeals. Plaintiff's suit was begun August 5, 1952, within 10 days after the decision of the Rent Director and ac-

cordingly the suit was filed in violation of the terms of the Regulation of November, 1951. Defendant's complaint, however, was not filed in the United States Emergency Court of Appeals until August 30, 1952. We have pointed out that the presumption is that the complaint was duly filed. Plaintiff should not have filed the suit until August 10, 1952, but we cannot see that the defendant was substantially harmed by the premature filing of 5 days because progress of the suit was restrained by a temporary injunction issued by the United States Court.

During the pendency of this appeal we gave leave to plaintiff to file a copy of the opinion of the United States Emergency Court of Appeals, rendered May 12, 1953 in the case of *Jennie E. Dargel, et al. v. William G. Barr, Acting Director of Rent Stabilization and Harold H. Elfenbein,* No. 611. The decision sustained the order of the Rent Director approving the issuance of the certificate of eviction. The decision also vacated the order for the temporary injunction restraining the prosecution of this proceeding.

██ The result of the decision of the United States Court is to render the certificate of eviction effective as of the date it issued. We are constrained to hold, under the circumstances of this case, that the decision overcame the defect of prematurity in bringing the suit while the effect of the certificate was stayed. The defect while substantial was not jurisdictional. *Kruse v. Ballsmith,* 332 Ill. App. 301. No point is or can be made on the merits since no report of proceedings is before us. It follows the judgment must be affirmed.

*Affirmed.*

Lewe, P. J. and Feinberg, J., concur.