Clarence L. Mortenson, Appellant, v. Esther McCredie, Appellee.

Gen. No. 46,012.

Opinion filed March 2, 1954. Released for publication March 23, 1954.

DALE, LYTTON, HAFFNER & GROW, of Chicago, for appellant; JOHN M. WEJMAN, of Chicago, of counsel.

Howard & Howard, of Chicago, for appellee; John E. Guy, of Chicago, of counsel.

Mr. Justice Robson delivered the opinion of the court.

Clarence L. Mortenson, plaintiff, a tenant of Esther McCredie, defendant, filed an action as set forth in his amended complaint, as amended, based on an order of the Chicago Rent Director dated June 8, 1951, which was pursuant to section 1895 of the Housing and Rent Act of 1947, as amended, to recover a refund for overcharges of rent which the plaintiff had paid to the defendant from April 1, 1949, to July 28, 1950. Defendant filed a motion to strike the amended complaint, as amended. The trial court entered an order reserving its ruling on the motion to strike and dismiss and ordered defendant to answer. Thereafter, the court entered an order striking and dismissing the amended complaint, as amended. Plaintiff elected to stand on his amended complaint, as amended, and appealed from the order of dismissal.

The order of dismissal entered by the trial court is general and makes no specific findings as to the grounds upon which the amended complaint, as amended, was dismissed. We must, therefore, consider the points raised by the defendant in her motion.

The amended complaint, as amended, alleges, in substance, an oral lease from two weeks to two weeks between plaintiff and defendant for the first floor of certain premises; that the plaintiff had been a tenant of these premises under the agreement from April 1, 1949, to July 28, 1950; that he paid the defendant for said premises a weekly rental of $40 from April 1, 1949, to March 10, 1950, and a weekly rental of $35 from March 11, 1950, to July 28, 1950. It further alleges that the premises were never registered by defendant with the

457

Chicago office of the Housing Expediter as required by the Rent Act and Rent Regulations and that on June 8, 1951, the Chicago Area Rent Director issued his order determining the maximum rental of the premises at $23 per week, which was effective back to April 1, 1949. Plaintiff alleges that defendant did not refund the back rental overcharges as provided in the Rent Director's order and he is, therefore, entitled to treble damages in the sum of $3,219 and reasonable attorney's fees. Attached to the complaint is a copy of the order of the rent director fixing said maximum weekly rental.

█ Defendant contends that the complaint did not establish a landlord and tenant relationship. We have examined the complaint and are satisfied that the allegations are sufficient to establish such relationship.

█ Defendant further contends that plaintiff should have pleaded the rent regulations. This is not necessary. The court has the power to take judicial notice of rent regulations for housing issued under the Act which are reported in the federal register. *222 East Chestnut Street Corp. v. Murphy,* 325 Ill. App. 392, 401; *Elfenbein v. Giannakas,* 350 Ill. App. 389, 392.

█ Defendant further contends that in the order of the Housing Expediter there is no finding of a landlord and tenant relationship. The order shows the plaintiff as the tenant and the defendant as the landlord, and then sets the maximum rental. In our opinion this is sufficient.

█ Defendant next contends that the cause of action is barred because it was not brought within one year from the date of the last accepted rent payment. This has no merit. The Supreme Court of the United States in *Woods v. Stone,* 333 U. S. 472, early laid down the law on this question. This court in the case of *Woods v. Murray,* 336 Ill. App. 181, adopted the decision in *Woods v. Stone,* holding that the one-year stat-

ute of limitations commenced to run on the date when the landlord refused to obey the order directing the refund. The refund order was issued on June 8, 1951, and plaintiff filed his action on Sept. 26, 1951, which was well within the one year as interpreted by *Woods v. Murray.*

██ ██ Defendant's next contention is that section 1895 of the Rent Act does not authorize retroactive refund orders. The applicable portion of section 1895 reads as follows:

"(c) Suit to recover liquidated damages as provided in this section may be brought in any Federal Court of competent jurisdiction regardless of the amount involved, or in any State or Territorial Court of competent jurisdiction, within one year after the date of violation: . . . ."

In order to give the congressional purpose its fullest impact upon the forces of inflation, the great majority of courts follow the view that the term "violation," as found in that section, must refer to the landlord's breach of his duty to refund under the order and cannot refer to each overcharge received by the landlord. *Rauer v. Wexler* (C. C. A. 3rd), 167 F.2d 817; *United States v. Smith* (W. D. Pa.), 95 F. Supp. 622; *United States v. Natale* (D. Conn.), 100 F. Supp. 82; *Demosse v. Shimmel,* 12 N. J. Super. 356, 79 A.2d 508; *Cooper v. Jeter,* 17 N. J. Super. 180, 85 A.2d 555; *Henneman v. Vaughan* (C. P. Ohio), 97 N.E.2d 725. Reason and logic allow but one conclusion, that if section 1895 is to have any force and effect it must authorize a retroactive refund order. Without it the tenant has no cause of action. *Rauer v. Wexler* (C. C. A. 3rd), *supra; United States v. Smith* (W. D. Pa.), *supra; United States v. Natale* (D. Conn.), *supra; Demosse v. Shimmel, supra; Cooper v. Jeter, supra; Penner v. Geller,* 193 Misc. 821, 87 N.Y.S.2d 249. The cases cited by defendant in sup-

port of her contention represent a small minority view and this court can find no sound reason to follow them as precedent.

 The appellee's final contention is that section 83 (b) of the Housing and Rent Regulations does not authorize the retroactive order unless "issued in a proceeding commenced by the Director within three months after the date of the filing of such registration statement." This argument is specious and not based upon precedent. No order could have issued until the defendant registered with the Area Rent Office or until the tenant himself complained of the overcharge. The burden is placed upon the landlord to register pursuant to the Act and Regulations. There could have been no proceeding until such registration by the landlord. To require the tenant to initiate the proceedings, or the Director, would utterly defeat the purpose of the Act. *Lutz v. Bender,* 340 Ill. App. 120. To follow defendant's contention would make an absurdity of section 83 (b). We would put a premium on failing to register by a warped and narrow interpretation of the provision, and we would be ignoring the common-sense viewpoint of the section. This we will not do.

 The judgment of the trial court dismissing the amended complaint, as amended, is reversed with directions that the trial of the case proceed pursuant to the issues raised by the answer to the amended complaint, as amended, and such further proceedings be had as may be necessary and appropriate.

*Judgment reversed and cause remanded with directions.*

SCHWARTZ, P. J. and TUOHY, J., concur.