GERALD PAYNE SEBASTIAN
and
MARY JANE SEBASTIAN,
Plaintiffs
v.
ALEXANDER PAIEWONSKY,
Defendant

## Civil No. 126 - 1954
## District Court of the Virgin Islands

Div. of St. Thomas and St. John
at Charlotte Amalie

## December 23, 1954

HENRY DE LAGARDE, attorney *for plaintiffs*
JOHN L. PHILLIPS, attorney *for defendant*

MOORE, *Judge*

This matter came up for hearing with plaintiffs represented by Attorney Henry de Lagarde and defendant by Attorney John L. Phillips.

The only question raised by the case is whether an Order by the Rent Control Commission fixing the rent of premises No. 2A Bjerge Gade, Queens Quarter, St. Thomas, is retroactive to the beginning of the tenancy.

Beginning July 1, 1949, plaintiffs leased said premises from defendant at a monthly rental of $150.00. Plaintiffs occupied these premises from July 1, 1949 until September 24, 1954, renewing the lease each year on the same terms. However, in September, 1953, plaintiffs initiated action before the Rent Control Commission to secure a reduction in rental of the leased property. On February 23, 1954, the Rent Control Commission issued an order reducing

the rental on the premises at No. 2A Bjerge Gade from $150.00 to $130.00 per month. Plaintiffs then filed suit for rent collected in excess of the rent ceiling, computed at $20.00 per month for the period of July, 1949 through March, 1954. Plaintiffs paid the March rental but refused to pay further rentals and relinquished the property on September 24, 1954.

Defendant failed to appeal from the order of the Rent Control Commission reducing his rent, thereby causing the same to become final but denies that it is retroactive to the beginning of the tenancy, contending that it is effective only from date of issuance. Defendant, therefore, counterclaims for rent due for the months of April through September, 1954, at the monthly rate of $130.00 as set by the Rent Control Commission.

■-■ The rent control order (No. 17 - 1954) respecting these premises, which was issued on February 23, 1954, did not order any refund or set any date at which the order became or was to become effective. It is, therefore, the opinion of the Court that in view of that fact the order can only be enforced as of the date of issuance. Since the Rent Control Commission clearly did not order a refund in this case, as it has done in other cases now pending before us, this court cannot find its order to be retroactive and give judgment for a refund of back rental which the Commission itself did not order.

Orders of administrative bodies are generally presumed to operate prospectively only, and it has so been held with respect to orders of the Price Administrator who was charged with rent control for the Federal Government. Bowles v. Lake Lucerne Plaza, Inc., 148 F.2d 967, 970. Moreover, in the case of Co-Efficient Foundation Co. v. Woods, 171 F.2d 691, where suit was brought for rent charged in excess of the amount fixed pursuant to the Emergency Price Control Act of 1942, (50 U.S.C. Ap-

pendix, sec. 901 et. seq.) and the Director had issued an order reducing the rents, but made no order for the refund of the overcharges to the tenant, the Court held that "A mere reduction in the rent, standing alone, cannot beget the accrual of a cause of action except upon violations that come into being thereafter . . ." The court also observed that "A refund of overcharges in rent is not a necessary concomitant of a rent reduction order."

It appears that under the federal rent control law as well as that of many states, orders reducing rents ordinarily ordered refunds of the excess paid by the tenants. However, the Emergency Price Control Act of 1942, supra, expressly provides that the landlord shall register his premises within 30 days after the first rental and if he should fail to do so, the rent is subject to revision and refund to the tenant of any amount in excess of the maximum rent which may be later fixed. The United States Supreme Court has held that a rent order for refund of excess rent paid is not retroactive legislation since the landlord was required to register his premises and his failure to do so made his rent, by statute, conditional and subject to revision and refund. Woods v. Stone, 333 U.S. 472, 68 S. Ct. 624, 92 L. Ed. 815. See also Rauer v. Wexler, C.C.A. 3rd, 167 F.2d 817.

It is sufficient in this case that the order of the Commission was not made retroactive. Nevertheless, even if the Rent Control Commission had specifically ordered a refund, it is the opinion of this Court that it has no power to do so under the local rent control law (Emergency Rent Act, Bill No. 92 approved December 5, 1947, as amended December 22, 1947, August 15, 1950; and May 28, 1953 [28 V.I.C. § 831 et seq.]). This law as amended does not at any place state whether the Commission shall have power to order refunds for overcharges, nor does it state that

103

rent ceilings set by the Commission shall be retroactive. In the absence of such provisions and, also, in the absence of any provision requiring the landlord to register new premises with the Commission, this Court cannot hold that orders, at the instance of either the landlord or tenant, fixing the rental of premises are retroactive. There is no obligation on the landlord under the local law to have a ceiling set on his premises before he rents them, or even to register them, but instead either the tenant or the landlord may at any time request a ceiling to be set. It is not logical, therefore, that any order entered by the Rent Control Commission should be interpreted as retroactive.

It is, therefore, the Court's opinion that the Emergency Rent Act of 1947, as amended, does not empower the Rent Control Commission to order refunds of sums paid in excess of the ceiling before the date of determination of the said ceiling and, also, that the Commission does not have the power under the law to make its orders retroactive to a date preceding the issuance of its rent ceiling order.

Accordingly, plaintiffs' complaint praying for $1,140.00 as rent collected in excess of the ceiling from July, 1949 through March, 1954, will be dismissed and judgment will be entered in the amount of $780.00 in favor of the defendant on his counterclaim for rent due for the months of April through September, 1954, at the rate of $130.00 per month.

Order may be drawn in accordance with this opinion.