Ben WASHINGTON, Plaintiff-Appellee,

v.

Isaac C. ROBERTSON, Defendant-Appellant.

No. 11447.

United States Court of Appeals Seventh Circuit.

Nov. 30, 1955.

Edward M. Burke, Haywood C. Phillips, Chicago, Ill., for appellant.

George J. Anos and Ash & Anos, Chicago, Ill., for appellee.

Before DUFFY, Chief Judge, and SWAIM and SCHNACKENBERG, Circuit Judges.

DUFFY, Chief Judge.

Plaintiff a former tenant of defendant, filed this suit on April 14, 1952 seeking to recover damages and attorney fees under § 1895 of the Housing and Rent Act of 1947, as amended and extended, 50 U.S.C.A.Appendix, because defendant did not comply with an order of the Area Rent Director, Office of Rent Stabilization, issued September 19, 1951.

Defendant was the owner of housing accommodations at 2706 West Monroe Street, Chicago, Illinois. Plaintiff alleged and proved that on April 23, 1949, he rented from defendant the second floor apartment, rear, three rooms, at a weekly rental of $25.00. On September 19, 1951 the Area Rent Director ordered the maximum rent for said accommodations be reduced from $25.00 per week to $15.00 per week, to be effective from April 23, 1949, the date when plaintiff rented the apartment. Defendant was ordered to refund to plaintiff within 30 days of the order all rent monies collected from the effective date of the order in excess of the maximum rent therein provided. Defendant did not comply with the order of the Area Rent Director, claiming the order was void.

The District Court found that the refusal to make a refund to plaintiff was wilful, and that the amount of the overcharge was $920.00. The Court concluded that plaintiff was entitled to recover $1,860.00 plus costs and attorney fees of $200.00.

Defendant points out that plaintiff moved out of the premises on January 29, 1951, and the order of the Rent Director was not entered until approximately nine months thereafter. Defendant urges that the Area Rent Director had no jurisdiction to enter the retroactive order and that same was void. He further contends that any cause of action by plaintiff expired one year after the date when the rent was collected. Defendant insists that his desire, supported by advice of counsel, to question in court the validity of the order of the Rent Director, did not constitute wilful conduct.

Plaintiff contends that the Emergency Court of Appeals has exclusive jurisdiction, subject to the right of review in the Supreme Court, of all questions as to the validity of rent orders and regulations issued under the Housing and Rent Act of 1947, 50 U.S.C.A.Appendix, § 1881 et seq. Further, that the order which was issued by the Area Rent Director was valid, and that the 1-year Statute of Limitations to file suit did not commence to run until there was a default on the part of the landlord to comply with said order. Plaintiff further contends that a failure or refusal by a landlord to make a refund pursuant to a retroactive rent refund order, in itself, constitutes bad faith, subjecting the landlord to treble damages for wilful rent violation.

Under the Emergency Price Control Act of 1942 Congress withdrew from the District Courts, power to consider the validity of price or rent regulations or orders. Under that Act the only way that the validity of rent regulations or orders could be tested was by filing a statutory protest with the Price Administrator followed by a complaint in the Emergency Court of Appeals. However, this Act terminated on June 30, 1947. It was supplanted by the Housing and Rent Act of 1947, 61 Stat. 193, which did not contain any provision depriving the courts other than the Emergency Court of Appeals of jurisdiction to determine the validity of regulations or orders which were issued under that Act.

In appraising the authorities cited by each party to this lawsuit, it is important to keep in mind which statute was in effect in each case at the time of the alleged overcharge of the rent, and the date when the order was entered. For instance, Defense Production Act Amendments of 1952, effective June 30, 1952, 50 U.S.C.A.Appendix, § 2061 et seq., again withdrew jurisdiction from the District Courts to consider the validity of rent regulations or orders, and provided protest procedure which could be followed by review in the Emergency Court of Appeals. However, in the case at bar, the alleged overcharge of rent and the order of the Area Rent Director were entered while the Housing and Rent Act of 1947 was in effect.

We hold the landlord was not precluded from setting up the defense in the District Court that the order of the Area Rent Director was invalid. United States v. McCrillis, 1 Cir., 200 F.2d 884. In fact, in Henry v. Woods, 186 F.2d 312, the Emergency Court of Appeals held that it had no jurisdiction to review a determination of a landlord's maximum rent as established by or under the Housing and Rent Act of 1947, or to pass upon its validity. See also Talbot v. Woods, Em.App., 164 F.2d 493. The District Court was in error in holding that the order of the Area Rent Director here in question could have been attacked only before the Emergency Court of Appeals. In spite of such holding, the District Court made a finding of fact referring to the order of the Rent Director dated September 19, 1951, as a valid and legal order.

On November 12, 1942 defendant registered a 2-room dwelling unit, 2nd floor rear, at 2706 West Monroe Street, with the Chicago Defense Rental Area, Office of Price Administration. At no time did he register the adjoining single room whch he contended had been locked up and unused. It was accessible to the other two rooms by means of a door previously locked. It was these three rooms that comprised the apartment which defendant rented to plaintiff in April, 1949 for $25 per week.

In his order of September 19, 1951 the Area Rent Director made a finding that the housing accommodations at 2706 West Monroe Street, Apartment No. 2nd rear, consisting of three rooms was first rented on April 23, 1949 for $25.00 per week. Under the regulations the first rent charge is the legal maximum, but the Rent Director, under § 83 of the Housing Rent Regulations, had the power to reduce such maximum in case he finds, as he did in the instant case, that such rent was higher than the rent

generally prevailing within the Chicago Defense Rental Area for comparable housing accommodations.

■■ We hold that the order of the Area Rent Director dated September 19, 1951 was valid and enforceable. We also overrule defendant's contention that the plaintiff's claim is barred because it was not brought within one year from the date when the rental payments were made. 50 U.S.C.A.Appendix, § 1895(c) provides in part: "Suit to recover liquidated damages as provided in this section may be brought in any Federal court of competent jurisdiction * * *, within one year after the date of violation: * * *." The term "violation" refers to the landlord's breach of duty to refund, under the order of the Area Rent Director. Woods v. Stone, 333 U.S. 472, 68 S.Ct. 624, 92 L.Ed. 815; Rauer v. Wexler, 3 Cir., 167 F.2d 817; Mortensen v. McCredie, 1 Ill.App.2d 455, 117 N.E.2d 840. We hold that the instant suit was timely commenced.

■ We think, under the circumstances of this case, defendant should not be held to have acted wilfully in refusing to refund the overpayments of rent. The plaintiff had moved from the premises nine months before the date of the order of the Rent Director. The idea of a retroactive order was, apparently, shocking to defendant as well as to his counsel. They were also firm in the belief that no registration was required as to the previously unused single room. Defendant and his counsel believed, in good faith, that the order of the Rent Director was void and unenforceable, and they desired a court test of its validity. Although a refusal to make a refund pursuant to an order of a Rent Director would usually be held to be wilful, *per se*, we hold that under the exceptional circumstances of this case defendant's conduct was not wilful.

Plaintiff is entitled to recover from defendant the sum of $920.00 and his costs both in the Court below and in this Court. Other allowances to plaintiff by the District Court should be eliminated from the judgment. As thus modified, the judgment below will be

Affirmed.